HEARD NOVEMBER TERM, 1876.

## *HENDERSON vs. WYATT.

An order of the Circuit Court, allowing an appeal which had been denied by the Probate Court, upon the ground that it had not been taken in time, is not appealable.

An order of the Circuit Court, on an appeal from the decree of an inferior Court, must involve the merits or it is not appealable.

Ordinarily the Court will not interpose an objection to a proceeding which is not made by a party in interest, but there are exceptions to the rule, one of which is where great practical inconvenience is likely to arise from disregarding the objection.

March 16, 1877. The opinion of the Court was delivered by

WILLARD, A. J. The order appealed from was made by the Circuit Court, and its whole object was to allow an appeal from a decree made by the Probate Court, said appeal having been-denied by the Probate Court upon the ground that it had not been taken in time. The order is not appealable as it does not involve the merits of the case. The Code, Section 11, as amended November 25, 1873, (15 Stat., 495,) authorizes appeals to the Supreme Court from any "intermediate judgment, order or decree involving the merits in actions commenced in the Court of Common Pleas and General Sessions, brought there by original process, or removed there from any inferior Court or jurisdiction, and final judgments in such actions."

The word "actions," as here used, clearly embraces all proceedings of an ordinary character in the several Courts from which an appeal may be taken to the Circuit Court, (Code, Section 2,) and would embrace an order made by the Circuit Court involving the merits on an appeal from the Probate Court from a decree of that Court, such as that referred to in this case. An order to involve the merits must finally determine some substantial matter forming the whole or a part of some cause of action or defense in the case in which the order is entitled. In the present case the only matter determined was whether the appeal from the Probate Court was taken in time. Such an order cannot be said to involve the merits, but merely affects forms of procedure.

The objection to the appeal just stated is not raised by the respondent. Ordinarily in that case the Court will not interpose an objection to a proceeding not made by the parties in interest,

---

*The importance of the points of law involved in this case would seem to justify the publication of the opinion, although the Reporter is unable to give a statement of the facts, no brief having been furnished him.

but this rule is subject to exceptions. When a question of juris-
diction is involved the Court may notice a defect of its jurisdiction
such as ought to preclude a judgment on the rights involved,
although not interposed by the party.—*State, ex rel. Barker*, vs.
*Bowen*, S. C. MS. Dec. And where great practical inconvenience
is likely to arise from disregarding such objections the Court may
with propriety notice it: as where an opposite course would tend to
establish an irregular and inconvenient practice.

We regard the present case as one of the character just named.
Appeals from orders of this class would ordinarily create unneces-
sary expense and delay, to which parties ought not to be subjected,
and are especially objectionable where the matter in dispute can be
fully considered by this Court under an appeal from a final judg-
ment of the Circuit Court upon the case.

The appeal should be dismissed.

*Wright*, A. J., concurred.

---

HEARD NOVEMBER TERM, 1876.