### FLOYD v. PAGE

#### (117 S. E., 409)

APPEAL AND ERROR—NO REVIEW OF DENIAL OF MOTIONS TO DIRECT VERDICT, JURY HAVING DISAGREED.—Where both parties moved for a directed verdict, both motions were denied, the jury failed to agree, and a mistrial was ordered, the Supreme Court will not review the denial of the motions, as they resulted in no binding adjudication of the rights of the parties.

Before GARY, J., Horry, October, 1921. Appeal dismissed.

Action by J. T. Floyd against William Page. From orders denying motions of both parties for a directed verdict both parties appeal.

*Messrs. Lide & McCandlish,* for J. T. Floyd, cite: *Infant cannot be estopped by oral declarations made during infancy:* 4DeS., 465; 4 N. & McC., 241; 27 S. C., 300; 33 S. C., 285; 68 S. C., 279; 76 S. C., 561; 26 L. Ed., 87; 18 S. C., 339; 79 S. C., 407. *Title under execution cannot be*

*proved without showing that deed was executed by Sheriff:*
11 Rich. L., 109. *Statute does not commence to run against
remainderman until death of life tenant:* 59 S. C., 498.

*Messrs. Cordie Page, R. B. Scarborough* and *Sherwood &
McMillan,* for Wm. Page cite: *Exhibition of Sheriff's deed
not necessary:* 20 S. C., 429; 16 S. C., 69; 3 Strob., 221.
*Purchaser at Sheriff's sale entitled to proper deed:* 37 S. C.,
309. *Heirs of husband necessary parties to suit for dower:*
20 S. C., 560. *And not bound unless made parties:* 59
S. C., 498; 106 S. E., 843; 76 S. C., 484; 41 S. C., 337.
*Requisites of execution against administrator or executor:*
32 S. C., 369; 108 S. C., 300; 1 Hill., 167; 19 S. C., 247; 21
S. C., 147; 32 S. C., 369; 18 Cyc., 1075, 1077; 16 S. C., 64.
*"Administrator" simply descriptio persona:* 2 Strob., 3;
8 Rich., 345; 16 S. C., 64; 21 S. C., 147; 32 S. C., 369.
*Infant having an interest is necessary party:* 23 S. C., 502;
25 S. C., 35; 22 S. C., 323. *In setting off dower commis-
sioners must divide land in kind:* 5 Rich. Eq., 254; 18 S.
C., 396; 33 S. C., 268; 1 Bay., 504; 15 N. J. Eq., 391; 26
Ill., 116. *Color of title:* 110 S. C., 438; 2 Hill., 492; 2
Rich., 629; 1 McC., 278; 14 S. C., 549; 25 S. C., 187; 42
S. C., 146; 28 L. R. A., 42; 46 A. S. R., 702. *Estoppel:*
67 S. C., 432; 48 S. C., 267; 84 S. C., 426; 6 Johns. Ch.,
166; 22 S. C., 550; 68 S. C., 279; 27 S. C., 302; 27 S. C.,
178; 3 Rich. L.; 164; 2 Rich. Eq., 120; 54 Miss., 135; 113
S. C., 1.

May 8, 1923.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

This action is for the recovery of real estate. The case
was tried at the October term, 1921, of the Court of Com-
mon Pleas for Horry County. At the close of all of the
testimony, both plaintiff and defendant moved for a directed
verdict. The presiding Judge refused both motions and sent
the case to the jury. The jury failed to agree, and a mistrial

was ordered. The cause is brought to this Court upon appeal by each of the respective parties from the refusal of the trial Judge to direct a verdict in his favor.

The effect of the mistrial was to leave the parties litigant in *statu quo ante,* with the cause still pending for trial in the Circuit Court. The rulings of the trial Judge in the Court below having eventuated in no binding adjudication of the rights of the parties, the appeal is prematurely brought, and jurisdiction thereof may not be entertained. In the case of *Parham-Thomas-McSwain, Inc. v. Atlantic Life Ins. Co.,* 106 S. C., 211; 90 S. E., 1022, in which there was a mistrial on Circuit, the defendant appealed from an order refusing a motion to direct a verdict. In that case, Mr. Chief Justice Gary, speaking for a unanimous Court, said:

"An order refusing a nonsuit, or the direction of a verdict, is not appealable until after final judgment. The reasons are fully stated in *Agnew v. Adams,* 24 S. C., 86. This ruling is recognized in *Barker v. Thomas,* 85 S. C., 82; 67 S. E., 1. *Woods v. Fertilizer Co.,* 102 S. C., 442; 86 S. E., 817, and numerous other cases. * * * As both the plaintiff's cause of action and the defendant's counterclaim are dependent upon questions of fact, it necessarily follows that judgment absolute cannot be rendered by this Court. * * * If the Court should entertain jurisdiction of the appeal under such conditions, and should reach the conclusion that there was sufficient testimony to carry the case to a jury, it could not make any orders changing the present status of the case. The tendency of the Court is to discourage appeals from interlocutory orders, in order that there may be an end of the case. It therefore feels constrained to refuse to entertain jurisdiction of these appeals, and it is so ordered."

The appeal is therefore dismissed without prejudice, and the cause remanded to the Circuit Court for trial.

Dismissed.