16153

KEELS v. POWELL ET AL.

(50 S. E. (2d) 704)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Dargan, Paulling & James,* of Darlington, *for Appellants,*

*Mr. G. Badger Baker,* of Florence, *for Respondent,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Dargan, Paulling & James,* of Darlington, *for Appellants,* in reply,

December 6, 1948.

FISHBURNE, Justice.: This action was brought by the plaintiff, an attorney at law, for the recovery of damages from the defendants on the ground that they fraudulently, wilfully and wantonly induced plaintiff's client, one Willie

Matthews, to breach an alleged contract of employment existing between plaintiff and Matthews. The plaintiff, according to the allegations of the complaint, was retained to institute an action against the defendants for the purpose of recovering a monetary judgment or effecting an amicable judgment of Matthews' claim for personal injuries sustained by him while passing over a crossing on the Seaboard Air Line Railway Company in Florence County. Under the terms of the alleged agreement, the plaintiff was to receive 33 1/3% of any judgment recovered or settlement obtained. The claim was settled without suit by the payment by the defendants to Matthews of the sum of $2,500.00; and it is alleged that this settlement was effected after notice to the defendants of plaintiff's employment for the purposes above mentioned.

At the close of all the testimony, defendants moved for the direction of a verdict upon the ground that there was no evidence tending to prove that the defendants fraudulently and wilfully induced Matthews to breach his alleged agreement with the plaintiff. This motion was overruled and the case was submitted to the jury. The jury failed to agree and a mistrial was ordered. The cause is brought to this court upon appeal by the defendants from the refusal of the trial judge to direct a verdict. Error is likewise assigned because of the admission of certain evidence alleged to be inadmissible.

The respondent objects to the consideration of the appeal. He takes the position that the rulings and order referred to in the assignments of error are not appealable until after final judgment. This contention must be sustained.

The effect of the mistrial was to leave the parties *in statu quo ante,* with the cause still pending for trial in the circuit court. The overruling of the motion for a directed verdict and the rulings made with reference to the admissibility and competency of the testimony resulted in no binding adjudication of the rights of the parties.

Therefore the appeal is prematurely brought, and jurisdiction thereof cannot be retained.

The foregoing rule has been generally recognized. In the case of *Parham-Thomas-McSwain, Inc. v. Atlantic Life Ins. Co.,* 106 S. C. 211, 90 S. E. 1022, in which there was a mistrial on circuit, the defendant appealed from an order refusing a motion to direct a verdict. The court said:

"An order refusing a nonsuit, or the direction of a ´verdict, is not appealable until after final judgment. The reasons are fully stated in *Agnew v. Adams,* 24 S. C. 86. This ruling is recognized in *Barker v. Thomas,* 85 S. C. 82, 67 S. E. 1; *Woods v. [Rock Hill] Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817, [Ann. Cas. 1917D, 1149], and numerous other cases. * * * As both the plaintiff's cause of action, and the defendant's counterclaim are dependent upon questions of fact, it necessarily follows that judgment absolute cannot be rendered by this court. * * * The tendency of the court is to discourgae appeals from interlocutory orders, in order that there may be an end of the case. It therefore feels constrained to refuse to entertain jurisdiction of these appeals, and it is so ordered."

To the same effect is *Floyd v. Page,* 124 S. C. 400, 117 S. E. 409, and *Woods v. Rock Hill Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817, Ann. Cas. 1917D, 1149. And see the full discussion of the question presented, in *Good v. Hartford Accident & Indemnity Co.,* 201 S. C. 32, 21 S. E. 2d 209, in which the case of *Long v. Carolina Baking Company,* 193 S. C. 225, 8 S. E. 2d 326, is distinguished.

The appeal is, therefore, dismissed without prejudice, and the case is remanded for trial.

Dismissed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.