18410

Helen J. GROOMS, as Administratrix for the Estate of Verne Carol
Gilchrist, Appellant, v. Angie J. ZANDER, as Administratrix for
the Estate of Charles Henry Zander, Jr., Respondent.

(144 S. E. (2d) 909)

*A. Arthur Rosenblum, Esq.*, of Charleston, *for Appellant,*

*Messrs. Grimball & Cabaniss*, of Charleston, *for Respondent,*

October 14, 1965.

BRAILSFORD, Justice.

In this action for the wrongful death of Verne Carol Gilchrist the trial judge declared a mistrial and discharged the jury because of the failure of the jurors to agree upon a verdict. Thereafter, he issued an order undertaking to "direct a verdict" for the defendant and dismissing the action. The

plaintiff has appealed and by her first exception challenges the jurisdiction of the court to issue such an order after the trial had terminated. The question is novel in this jurisdiction and no helpful precedent has been cited. The following excerpt from the statement of the case furnishes the factual basis for decision:

"The defendant made timely motions for a nonsuit and for a directed verdict, and the Trial Judge withheld his rulings as to both of these motions when they were made. He submitted the case to the jury and when they failed to reach a verdict he declared a mistrial and discharged them. Before the Court recessed at the conclusion of the trial the attorney for the defendant requested the Court to preserve his rights under the motions for a nonsuit and a directed verdict. The Court agreed that this would be done, and he later heard the motion for a directed verdict and granted the motion."

A mistrial is the equivalent of no trial and leaves the cause pending in the circuit court. When the trial of this case was thus terminated, the status of the litigation and of the parties became the same as though no trial had taken place. *Keels v. Powell,* 213 S. C. 570, 50 S. E. (2d) 704; 27 Words and Phrases, Permanent Edition, p. 620.

Circuit Court Rule 79 authorizes a post trial motion for judgment *non obstante veredicto* only when a motion for a directed verdict has been made at the trial and a verdict has been returned against the movant. In this situation, something remains to be done in the circuit court after the completion of the trial; *i. e.,* the entry of judgment on the verdict. A motion under the rule invokes the jurisdiction conferred upon the judge to review his decision on the previous motion and, if convinced that a verdict should have been directed, to order judgment entered in favor of the movant; if not so convinced, to deny the motion and authorize entry of judgment on the verdict. In either event, the decision of the court is final and conclusive on

the litigants unless an appeal is taken and successfully prosecuted.

On the other hand, neither party gained any rights or suffered any prejudice as a result of the mistrial of this action. The cause simply remained on the calendar for trial before another judge and jury on such evidence as the parties might then have available and see fit to present.

The motion for a directed verdict could not be granted after the termination of the trial for the obvious reason that there was no jury to which an instruction for the defendant could have been given. Therefore, the request that defendant's rights under the motion be preserved was nugatory. If the request is considered as a post trial motion for judgment notwithstanding the failure of the jury to agree upon a verdict, the result is unchanged. Such a motion was unknown to our practice prior to the adoption of Rule 79, and the rule may be invoked only by a party against whom a verdict has been returned. The rule does not apply in case of a mistrial and there is sound reason for this omission. To authorize a motion in this situation would require a litigant, usually the plaintiff, to submit an issue to a judge who could make a binding decision against him but not in his favor. This case illustrates the point. Absent this appeal, plaintiff would have been foreclosed by the judgment of the court dismissing her action for insufficient evidence. On the other hand, if the judge had concluded that the evidence was sufficient, his decision would have left the parties in exactly the same situation that they would have occupied had he refused to hear the motion or if no motion had been made; *i. e.*, with the action pending for trial *de novo* before another judge and jury on such evidence as might then be presented.

Reversed and remanded for a new trial.

Taylor, C. J., and Moss, Lewis and Bussey, JJ., concur.