19432

The STATE, Respondent, v. Alonzo WILLIAMS, alias Jimmie Smith, Appellant

(189 S. E. (2d) 299)

*Messrs. H. F. Partee,* and *Grover S. Parnell, Jr.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Asst. Atty. Gen.,* of Columbia, and *Thomas W. Greene, Sol.,* of Greenville, *for Respondent,* 

May 30, 1972.

Bussey, Justice:

Defendant-appellant Williams was convicted of the offenses of rape and armed robbery at the January 1971 term of the General Sessions Court for Greenville County. Upon trial, he was represented by retained counsel but because of subsequent indigency, his appeal has been perfected by the Public Defender for Greenville County.

All questions on this appeal arise out of identification testimony. Ruby Hunt, the victim of the rape, and Roosevelt Hunt, the victim of the robbery, in the course of testifying identified the defendant as the perpetrator of the crimes. During the coss-examination of Ruby Hunt, defense counsel

elicited from her the fact that she had identified the defendant upon his having been shown to her through a one-way mirror while he was sitting alone in a room at police headquarters. Thereupon the following occurred:

"Defense Counsel: Your Honor, I've got a matter I wish to take up at this time with the court.

"Court: Go ahead and take the testimony. We'll let the record show that you took it up at this time."

During the cross-examination of Roosevelt Hunt, defense counsel elicited from this witness that he had seen and identified the defendant in a lineup at police headquarters, on March 23, 1970, approximately one month after the offense; that three other persons were in the lineup with the defendant and that no lawyer was present. The State offered no evidence as to the out-of-court confrontations or the circumstances surrounding the same. At the conclusion of the State's case, defense counsel moved to strike the in-court identifications of both of these witnesses on the ground, in essence, that they were tainted by unlawful prior confrontations. In fairness to the trial judge, the motion of defense counsel should have been much more explicit, but from the colloquy between counsel and the judge we think the issue was sufficiently raised. In any event, His Honor overruled the motion without going fully into whether or not there had, in fact, been improper prior confrontations, and whether, in fact, either or both of the in-court identifications were perchance the tainted product of any such unlawful confrontation.

The disposition of this appeal is controlled by the decisions of the United States Supreme Court in the cases of *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149; *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178; and *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199. See also the North Carolina decisions, subsequent to Wade, of *State v. Williams,* 279 N. C. 663, 185 S. E. (2d) 174; *State v.*

*Smith,* 278 N. C. 476, 180 S. E. (2d) 7; and *State v. Harris,* 279 N. C. 177, 181 S. E. (2d) 420. The cited United States Supreme Court decisions clearly require a remand of this cause for further proceedings and, such being the case, we refrain from discussing the evidence in detail.

There is evidence to the effect that the defendant was identified by both of the Hunts in out of court confrontations. Under all of the evidence in the record there was an issue as to whether or not the in-court identifications of the witnesses were of independent origin and based upon observations of the suspect other than in the course of any improper confrontation or lineup. On this issue, defendant was entitled to a hearing before, and determination by, the judge in the absence of the jury and the denial of such was error. It does not follow, however, that defendant is necessarily entitled to a new trial.

The binding authority of the United States Supreme Court decisions requires, however, that the cause be remanded to the General Sessions Court for Greenville County for the purpose of the resident or presiding judge holding a hearing addressed to the determination of whether or not either or both of the Hunts identified the defendant in the course of an unlawful confrontation or lineup and, if so, whether or not either or both of the in-court identifications of these witnesses were the tainted product of any such unlawful confrontation or were, to the contrary, of independent origin. In addition to the evidence contained in the record bearing on these issues, both the State and the defendant should have the right at such hearing to introduce any relevant additional evidence. *Cf. State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752. Should it be factually determined upon such hearing that the in-court identification of either of the Hunts was not of independent origin but the tainted product of an illegal confrontation, it will follow as a matter of course that the defendant is entitled to a new trial, at least in the absence of a determination of harmless error

in accordance with the principles of *Chapman v. California*, 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705.

The cause is remanded to the lower court for further proceedings in accordance with this opinion. Should it be determined that the defendant is entitled to a new trial, such should, of course, be ordered by the lower court, but otherwise, the judgment below shall stand affirmed.

Remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.