23643

The STATE, Respondent v. Ora SIMMONS, Appellant.

(417 S.E. (2d) 92)

Supreme Court

*Chief Atty. David I. Bruck*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Miller W. Shealy, Jr.;* and *Sol. Richard A. Harpootlian*, Columbia, *for respondent*.

Heard Feb. 5, 1992; Decided Apr. 27, 1992.

Reh. Den. June 5, 1992.

GARDNER, Acting Justice:

Ora Simmons (Simmons) was convicted of conspiracy to distribute crack cocaine and distribution of crack cocaine and sentenced to five and fifteen years, respectively. We remand for an *in camera* hearing.

## ISSUES
The issues of merit are whether the trial judge erred (1) in failing to hold an *in camera* hearing regarding the admissibility of the agent's identification testimony and (2) in refusing to specifically charge the jury as to witness identification.

## FACTS
On August 15, 1989, Ricky Crosby, an undercover narcotics agent, bought $20 of crack cocaine from two women at a house in Columbia. The serial number of the $20 bill was recorded. The sale took approximately 4 to 5 minutes. A week later Simmons and her mother were arrested for possession of crack cocaine when the house was raided. The $20 bill was found in the mother's purse along with $1,400.

At trial Simmons argued mistaken identity, claiming that it was her sister who took part in the drug sale. Simmons was

six months pregnant at the time of the sale; the undercover agent failed to notice this and did not include it in his description of her given after the "buy."

Simmons and her mother were arrested after the raid on the house. Crosby was told by another officer that a search warrant had been executed on the Simmons' home and that a bond hearing was to take place that afternoon. A number of people were in the courtroom at the bond hearing. When Simmons' name was called, she approached the bench and bond was set. This was in the presence of Ricky Crosby, who was the only witness at trial who identified Simmons as having participated in the sale on August 15, 1989.

When the case was called for trial, in the absence of the jury, Simmons' counsel made a motion to suppress the in-court identification by Ricky Crosby. He contended that Crosby's identification was the result of the bond hearing and not a result of his observation at the time of the arrest.

The trial judge denied the request for an *in camera* hearing.

Simmons' counsel also contends that the trial judge erred in overruling his objection to the jury charge on the basis that an identification charge should have been made.

## DISCUSSION

### I.

Simmons' counsel argues, in effect, that Ricky Crosby got a "fix" on Simmons at the bond hearing when her name was called and she came forward for the judge to set bond. For that reason, Simmons argues that Ricky Crosby's in-court identification of her was tainted and should have been suppressed.

*State v. Williams*, 258 S.C. 482, 189 S.E. (2d) 299 (1972) is dispositive of this case. The question is whether Ricky Crosby's identification of Simmons arises solely from his observation of her when she made the buy on the night of August 15, 1989. The identification must be free of and independent of any later suggestion that Simmons was the person who sold him the crack. The identification may be so retained by the circumstances surrounding the bond hearing as to require that it be suppressed. In *State v. Cash*, 257 S.C. 249, 185 S.E. (2d) 525 (1971), this Court adopted a *per se* rule requiring

the court to hold an *in camera* hearing when the state offers witnesses whose testimony identifies the defendant as the person who committed the crime and the defendant challenges the in-court identification as being tainted by a previous illegal identification. *Contra Watkins v. Souder,* 449 U.S. 341, 101 S. Ct. 654, 66 L. Ed. (2d) 549 (1981). The lower court refused to hold a hearing. This error warrants reversal.

We hold that the denial of the motion to suppress was error. It does not follow, however, that Simmons is entitled to a new trial. We remand the case in order for the trial judge to hold a hearing to determine whether, under the circumstances of this case, Ricky Crosby's identification of Simmons was so tainted as to require its suppression at trial. Should it be determined upon an *in camera* hearing, that the in court identification of Simmons was not of independent origin but was the tainted product of the circumstances surrounding the bond hearing, it will follow as a matter of course that Simmons is entitled to a new trial. We note that, under certain circumstances, if the identification is corroborated by either circumstantial or direct evidence, then the harmless error rule might be applicable. *See Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967). As this identification was the sole evidence linking Simmons to the crime, a harmless error analysis would not be appropriate.

## II.

Simmons argues that it was error for the trial judge to refuse to give an identification charge. She argues that under *U.S. v. Telfaire,* 469 F. (2d) 552 (D.C. Cir. 1972) she was entitled to an identification charge because this was a single witness identification case. Simmons' attorney made no written request for any specific jury instructions; nevertheless, the issue was preserved by counsel's objection to the charge under Rule 20(b) SCRCrimP upon the grounds that the trial court made no charge on identification. We, however, hold that the judge did address the issue of identification. We find the following words of the charge pertinent to the identification issue:

Well, In the first place the defendant has pled not guilty. In other words, she has pled what is known as alibi. *That*

*is, she says she wasn't at the scene of the crime, . . . .* [Emphasis ours.]

The trial judge went on to charge that the defendant did not have to prove alibi and that the State had to prove beyond a reasonable doubt that she committed the crime.

We hold, under the circumstances of this case, the jury's mind was focused upon the issue of identification. We do, however, admonish the trial bench that in single witness identification cases the court should instruct the jury that the burden of proving the identity of the defendant rests with the state. We hold this to be the better procedure.

We, accordingly, reject the contention that the case should be reversed because of the trial judge's failure to give an identification charge.

## CONCLUSION

For the reasons given, we remand the case to the Richland County Court of General Sessions and direct that an *in camera* hearing be held to determine whether the identification by Ricky Crosby should be suppressed.

We, additionally, reject Simmons' argument pertaining to the identification charge.

Remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.