518 S.E.2d 294

**The STATE, Respondent,**

v.

**Otis SMITH, Appellant.**

**No. 3007.**

Court of Appeals of South Carolina.

Submitted April 13, 1999.

Decided June 1, 1999.

---

Assistant Appellate Defender Robert M. Dudek, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Senior Assistant Attorney General Harold M. Combs, Jr., all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

HUFF, Judge:

Otis Smith appeals his convictions for possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within the proximity of a park. We remand for an *in camera* hearing.

## FACTUAL/PROCEDURAL BACKGROUND

J.C. Hall testified Smith sold him some crack cocaine on the morning of February 26, 1996. Hall became sick that afternoon and called the Rock Hill Police Department to report he knew someone who was selling cocaine.

The police arranged for Hall to make a controlled buy of crack cocaine later that day. Officers searched Hall and gave him forty dollars to make a purchase. Hall returned and gave

officers what he believed to be crack cocaine. He testified he made the purchase from Smith. Officers sent the substance Hall purchased to SLED, where an expert in chemical analysis found it to be crack cocaine.

The grand jury indicted Smith on one count each of possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within the proximity of a park. The case was first called to trial on August 27, 1996. At that trial, the judge held an *in camera* hearing at which time Hall identified Smith as the person from whom he purchased crack cocaine on February 26, 1996. The judge permitted Hall to identify Smith in the jury's presence. That proceeding, however, ended in a mistrial because of the admission of other evidence.

Smith appeared for retrial before the same judge on September 12, 1996. Smith requested what the judge perceived as a hearing on the in-court identification.[1] He claimed Hall's identification was tainted on the first day of retrial when Hall saw Smith in a holding cell, wearing civilian clothes "in plain view in the midst of people wearing jail coveralls." The trial judge asked, "Is there some reason after that mistrial was granted that his mind was wiped clean, that the identification is out of the window? I'm not sure I follow you. He has already identified him." After Smith argued Hall made only a hesitant identification in the first trial, the judge ruled Smith was not entitled "to have another hearing" because Hall identified Smith in the prior proceeding.

During his cross-examination, Smith's counsel asked Hall about Hall's history of buying and selling drugs. Smith's counsel asked Hall, "Sometimes you would buy a thousand dollars worth at once?" Hall responded, "I was getting about three hundred from him." Smith's counsel then requested Hall's response be stricken as non-responsive to the question asked. The court overruled the objection.

---

1. Smith's counsel stated "I did want to re-open number 9 and the new grounds for that being ..." The reference to number 9 is not clear from the record; however, the judge interpreted it as a request for an identification hearing.

The jury found Smith guilty on both counts. The judge sentenced Smith to two concurrent twelve year terms and fined him $10,000. This appeal follows.

## LAW/ANALYSIS

### I. Identification Hearing

■ Smith first argues the trial judge erred by refusing to allow Smith to present new evidence that Hall's identification was tainted. He argues Hall's identification testimony during the first trial was nugatory because of the mistrial and the trial judge should have held a new hearing. We agree.

■ "A mistrial is the equivalent of no trial and leaves the cause pending in the circuit court." *Grooms v. Zander*, 246 S.C. 512, 514, 144 S.E.2d 909, 910 (1965). A mistrial leaves the parties "as though no trial had taken place." *Id.; see also Floyd v. Page*, 124 S.C. 400, 117 S.E. 409 (1923) (holding rulings of trial judge in proceeding ending in mistrial are not appealable because they represent no binding adjudication upon the parties as the mistrial leaves the parties in *statu quo ante*). A court ruling as to admissibility and competency of testimony during a trial which is later declared a mistrial results "in no binding adjudication of the rights of the parties." *Keels v. Powell*, 213 S.C. 570, 572, 50 S.E.2d 704, 705 (1948).

■ Where there is an issue as to whether or not an in-court identification by a witness is of independent origin and based upon observations of a suspect other than in the course of any improper confrontation or line-up, the defendant is entitled to an *in camera* hearing. *State v. Williams*, 258 S.C. 482, 485, 189 S.E.2d 299, 300 (1972). Thus, our supreme court has "adopted a *per se* rule requiring the court to hold an *in camera* hearing when the state offers witnesses whose testimony identifies the defendant as the person who committed the crime and the defendant challenges the in-court identification as being tainted by a previous illegal identification." *State v. Simmons*, 308 S.C. 80, 82–83, 417 S.E.2d 92, 93 (1992) (citing *State v. Cash*, 257 S.C. 249, 185 S.E.2d 525 (1971)).

■ Because a mistrial is the equivalent of no trial, the trial judge could not rely on any evidentiary rulings from the

nugatory proceeding. Smith was entitled to an *in camera* hearing on the in-court identification, and the trial judge erred in denying such. It does not necessarily follow, however, that Smith is entitled to a new trial. Rather, the proper remedy is a remand for an *in camera* hearing to determine whether, under the circumstances of this case, Hall's identification was so tainted that it should be suppressed. *State v. Simmons, supra; State v. Williams, supra.*

## II.  Non–Responsive Testimony

■ Smith also argues the trial judge erred in refusing to strike Hall's non-responsive answer to a question about Hall's history as a drug dealer. He contends Hall's testimony was inadmissible evidence of a prior bad act by appellant, and he is entitled to a new trial on the basis of this erroneous admission. We disagree.

■ The decision whether to strike a witness' answer as non-responsive is within the sound discretion of the trial Judge. *Anders v. Nash,* 256 S.C. 102, 180 S.E.2d 878 (1971). Absent an abuse of discretion, the judge's refusal to strike a response that might have been properly stricken is not error. *Id.*

In response to the question of whether Hall would sometimes buy as much as one thousand dollars worth of crack cocaine at one time, Hall stated he "was getting about three hundred from him." A reading of the record does not disclose that Hall was necessarily referring to Smith when he said he was buying the drugs "from him." Assuming, however, that Hall was referring to Smith, we find no prejudice. *See State v. Mizell,* 332 S.C. 273, 504 S.E.2d 338 (Ct.App.1998) (in order to obtain new trial based upon erroneous admission of evidence, appellant must demonstrate both error and prejudice). The reference to Smith as the seller was vague, at best. Further, cumulative evidence of Smith's selling drugs was elicited from Smith's girlfriend, who testified she observed Smith selling drugs from the house on the day in question. While the trial judge may have properly stricken Hall's response, we find no abuse of discretion in his refusal to strike it.

## CONCLUSION

For the foregoing reasons, we remand the case to the circuit court for an *in camera* hearing to determine whether Hall's identification of Smith should be suppressed.

**REMANDED.**

HEARN and STILWELL, JJ., concur.