630 S.E.2d 464

### Casey C. LEWIS, Petitioner

v.

### STATE of South Carolina, Respondent.

Supreme Court of South Carolina.

April 19, 2006.

### ORDER

By order dated January 30, 2006, the circuit court issued a conditional order of dismissal in this post-conviction relief case. This order gave petitioner twenty days to show cause why the conditional order should not become final. Instead of filing a reply to this conditional order of dismissal, petitioner has filed a petition for a writ of certiorari with this Court, which we have construed as a notice of appeal.

Under Rule 227, SCACR, and S.C.Code Ann. § 17–27–100 (2003), only a final decision or judgment in a post-conviction relief action is subject to review. "Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory; but if it so completely fixes the rights of the parties that the court has nothing further to do in the action, then it is final." *Adickes v. Allison & Bratton,* 21 S.C. 245 (1884); *see also Mid–State Distributors, Inc. v. Century Importers, Inc.,* 310 S.C. 330, 426 S.E.2d 777 (1993).

In our opinion, a conditional order of dismissal is not the final judgment in a post-conviction relief case since there is another act to be done before the rights of the parties are finally determined—the issuance of an order following the filing of a reply or the issuance of an order based on the default in filing a reply. S.C.Code Ann. § 17–27–70(b) (2003). Accordingly, this matter is dismissed without prejudice.

s/ Jean H. Toal, C.J.

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ E.C. Burnett, III, J.

s/ Costa M. Pleicones, J.