THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Appellant,
 v.
 Jason Bernard Buncum, Respondent.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge
Memorandum Opinion No. 2010-MO-013
Heard April 20, 2010  Filed May 17, 2010  
APPEAL DISMISSED

 
 
 
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor Scarlett
 Anne Wilson, of Charleston, for Appellant.
 Senior
 Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on
 Indigent Defense, of Columbia, Beattie Inglis Butler and Michelle Ranee Suggs, both
 of Ninth Circuit Public Defender's Office, of Charleston, for Respondent.
 
 
 

PER
 CURIAM:  The State appeals the circuit court's decision granting Jason
 Bernard Buncum's motion to suppress evidence seized from his residence pursuant
 to a search warrant that was issued during the course of a murder
 investigation.  
Because the circuit court simultaneously granted a mistrial, we
 dismiss this appeal pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  State v. Woods, 382 S.C. 153, 158, 676 S.E.2d 128, 131
 (2009) ("A mistrial is the equivalent of no trial and leaves the cause
 pending in the circuit court."); Grooms v. Zander, 246 S.C. 512,
 514, 144 S.E.2d 909, 910 (1965) ("A mistrial is the equivalent of no trial
 and leaves the cause pending in the circuit court.  When the trial of this case
 was thus terminated, the status of the litigation and of the parties became the
 same as though no trial had taken place."); Keels v. Powell, 213
 S.C. 570, 572, 50 S.E.2d 704, 705 (1948) (recognizing that a court's ruling as
 to admissibility and competency of testimony during a trial which is later
 declared a mistrial results "in no binding adjudication of the rights of
 the parties"); Floyd v. Page, 124 S.C. 400, 402, 117 S.E. 409, 409
 (1923) ("The effect of the mistrial was to leave the parties litigant in statu
 quo ante, with the cause still pending for trial in the circuit court.  The
 rulings of the trial judge in the court below having eventuated in no binding
 adjudication of the rights of the parties, the appeal is prematurely brought,
 and jurisdiction thereof may not be entertained."); State v. Smith,
 336 S.C. 39, 43-44, 518 S.E.2d 294, 296-97 (Ct. App. 1999) (concluding circuit
 court judge erred by refusing to allow defendant to present new identification
 testimony during a retrial given the first trial ended in a mistrial and, thus,
 was nugatory; remanding case to the circuit court for an in camera hearing to determine whether identification testimony should be suppressed).
APPEAL DISMISSED.
TOAL,
 C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.