389 S.C. 568 (2010)
698 S.E.2d 856
David ASHENFELDER, Respondent-Appellant,
v.
CITY OF GEORGETOWN, Appellant-Respondent.
No. 4725.
Court of Appeals of South Carolina.
Heard December 10, 2009.
Decided August 11, 2010.
Rehearing Denied September 24, 2010.
*570 Andrew F. Lindemann, of Columbia, for Appellant-Respondent.
David J. Gundling, of Pawleys Island, for Respondent-Appellant.
PER CURIAM:
In this cross-appeal, the City of Georgetown (the City) alleges the trial court erred in denying its directed verdict motions on David Ashenfelder's causes of action for conversion and prescriptive easement. Ashenfelder alleges the trial court erred in granting directed verdicts on his causes of action for adverse possession, declaratory judgment, estoppel, trespass, and inverse condemnation prior to the declaration of a mistrial. We dismiss the appeal as premature.

FACTS/PROCEDURAL BACKGROUND
A vehicle struck and severely damaged a billboard in Georgetown operated by Ashenfelder. Prior to the accident, Ashenfelder never formally sought a sign permit from the City. After the accident, the City removed and disposed of the damaged billboard and Ashenfelder inquired as to the possibility of rebuilding the billboard. The City informed Ashenfelder that the billboard was located on city property and that the City would not issue a permit allowing him to rebuild.
Ashenfelder originally filed suit against the City asserting certain federal constitutional claims along with state law claims. The City removed the action to the United States District Court for the District of South Carolina. Subsequently, the district court dismissed Ashenfelder's federal claims and remanded the state law claims to the circuit court. Upon remand, Ashenfelder amended his complaint to add Lucien Bruggeman as an additional defendant. In his second amended complaint, Ashenfelder asserted causes of action for adverse possession and prescriptive easement against Bruggeman; *571 he also asserted causes of action for conversion, negligence, trespass, estoppel, declaratory judgment, and inverse condemnation against the City.
The case proceeded to trial, and the City moved for directed verdicts on all causes of action at the close of Ashenfelder's case. The trial court directed a verdict and dismissed Ashenfelder's causes of action for adverse possession, declaratory judgment, estoppel, negligence,[1] trespass, and inverse condemnation. The trial judge denied the City's motion for a directed verdict on Ashenfelder's claims for conversion and prescriptive easement. After the jury was unable to reach a verdict, the trial court declared a mistrial and denied the City's renewed directed verdict motions on the remaining two causes of action. The City and Ashenfelder both appealed.[2]

STANDARD OF REVIEW
An appellate court may determine the question of appealability of a decision from a lower court as a matter of law. See S.C.Code Ann. § 14-3-330 (1976 & Supp.2009) (creating appellate jurisdiction in law cases); S.C.Code Ann. § 14-8-200(a) (Supp.2009) (setting forth the appellate jurisdiction of the court of appeals); City of Newberry v. Newberry Elec. Coop., Inc., 387 S.C. 254, 256, 692 S.E.2d 510, 512 (2010) ("Statutory interpretation is a question of law."). Even if not raised by the parties, this court may address the issue of appealability ex mero motu. Main Corp. v. Black, 357 S.C. 179, 180-81, 592 S.E.2d 300, 301 (2004) (affirming an order issued by the court of appeals ex mero motu dismissing an interlocutory appeal); St. Francis Xavier Hosp. v. Ruscon/Abco, 285 S.C. 584, 586, 330 S.E.2d 548, 549 (Ct.App.1985) (addressing the question of appealability even though neither party raised the issue).

LAW/ANALYSIS
The City alleges the trial court erred in denying its directed verdict motions on Ashenfelder's causes of action for *572 conversion and prescriptive easement. In his cross-appeal, Ashenfelder alleges the trial court erred in directing verdicts on his causes of action for adverse possession, declaratory judgment, estoppel, trespass, and inverse condemnation.
This case presents a question as to the effect of a mistrial on appealability in a case with multiple claims and multiple defendants where the court directs a verdict on some, but not all, claims prior to the mistrial. Jurisprudence as to a mistrial holds:
A mistrial is the equivalent of no trial and leaves the cause pending in the circuit court. State v. Smith, 336 S.C. 39, 518 S.E.2d 294 (Ct.App.1999). It leaves the parties "as though no trial had taken place." Grooms v. Zander, 246 S.C. 512, 514, 144 S.E.2d 909, 910 (1965) (rulings of trial judge in proceeding ending in mistrial represent no binding adjudication upon the parties as the mistrial leaves the parties in status quo ante). A court ruling as to admissibility and competency of testimony during a trial which is later declared a mistrial results "in no binding adjudication of the rights of the parties." Keels v. Powell, 213 S.C. 570, 572, 50 S.E.2d 704, 705 (1948).
State v. Woods, 382 S.C. 153, 158, 676 S.E.2d 128, 131 (2009). A mistrial based on the failure of a jury to agree is not directly appealable. Keels, 213 S.C. at 572-73, 50 S.E.2d at 705. The denial of a directed verdict is not appealable until after final judgment. Id. at 573, 50 S.E.2d at 705.
Section 14-3-330 controls the right of appeal. Ex parte Capital U-Drive-It, Inc., 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006).
The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any *573 intermediate order or decree necessarily affecting the judgment not before appealed from;
(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;
(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and
(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.
S.C.Code Ann. § 14-3-330 (emphasis in original). The court of appeals also exercises its appellate jurisdiction under this statute. S.C.Code Ann. § 14-8-200(a) ("This jurisdiction is appellate only, and the court shall apply the same scope of review that the Supreme Court would apply in a similar case.").
The appellate courts of our state have addressed the appealability of final decisions of the trial courts. See, e.g., Lewis v. State, 368 S.C. 630, 631, 630 S.E.2d 464, 464 (2006) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory; but if it so completely fixes the rights of the parties that the court has nothing further to do in the action, then it is final.") (quoting Adickes v. Allison & Bratton, 21 S.C. 245, 259 (1884)); Jefferson by Johnson v. Gene's Used Cars, Inc., 295 S.C. 317, 318, 368 S.E.2d 456, 456 (1988) (finding an interlocutory order is appealable under S.C.Code Ann. § 14-3-330(1) only if it involves the merits, i.e. it "finally determines some substantial matter forming the whole or a part of some cause of action or defense. . . .") (quoting Henderson v. Wyatt, 8 S.C. 112, 112 (1877)); Lakes v. State, 333 S.C. 382, 384-85, 510 S.E.2d 228, 230 (Ct.App.1998) ("An appellate court has jurisdiction to review an order affecting a substantial right when the order has the effect of discontinuing the action or preventing an appealable judgment.") (citing *574 S.C.Code Ann. § 14-3-330(2)(a) (Supp.1997)); Breland v. Love Chevrolet Olds, Inc., 339 S.C. 89, 93-94, 529 S.E.2d 11, 13 (2000) (stating that the court does not generally allow immediate appellate review of the denial of any motions made pursuant to Rules 12(b) or 12(c), SCRCP); Bank of N.Y. v. Sumter County, 387 S.C. 147, 154, 691 S.E.2d 473, 477 (2010) (noting it is well-settled that an order denying summary judgment is never reviewable on appeal) (citing Olson v. Faculty House of Carolina, Inc., 354 S.C. 161, 580 S.E.2d 440 (2003)); Keels, 213 S.C. at 573, 50 S.E.2d at 705 (holding an order refusing to direct a verdict is not appealable until after final judgment).
Because the trial court denied the City's motions for directed verdict, the City's issues on appeal are not immediately appealable. See Keels, 213 S.C. at 573, 50 S.E.2d at 705. As to Ashenfelder's cross-appeal, this case further presents an opportunity to address the effect, if any, of Rule 54(b) of the South Carolina Rules of Civil Procedure upon our jurisprudence. Rule 54(b) states:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b), SCRCP (bold emphasis in original) (italicized emphasis added).
In Link v. School District of Pickens County, 302 S.C. 1, 393 S.E.2d 176 (1990), the supreme court considered the impact of Rule 54(b) where the appellant failed to immediately appeal a partial grant of summary judgment. The process of *575 directing entry of judgment on one or more, but less than all, claims under Rule 54(b) is referred to as certification. Link, 302 S.C. at 4, 393 S.E.2d at 177. The court noted that an order which is immediately appealable by statute is not rendered unappealable because it has not been certified under Rule 54(b). Id. Ultimately, the court found the appellant was entitled, pursuant to section 14-3-330(1), to wait until there was a final judgment against him to appeal the partial grant of summary judgment. Id. at 6, 393 S.E.2d at 179. However, the court recognized:
This Court has not had occasion to address the effect of granting a Rule 54(b) certification on appealability. Until the adoption of the South Carolina Rules of Civil Procedure, "final judgment" was a term of art denoting the disposition of all issues in the action. This is the definition which has traditionally been applied to the term "final judgment" in [section] 14-3-330(1). Rule 54(b) certification purports to alter the definition of "final judgment" by allowing a final judgment to be entered on certain claims before disposition of the entire case. Until this Court determines whether granting certification mandates an immediate appeal, the safer course is to immediately appeal any order certified under Rule 54(b).
Id. at 5 n. 3, 393 S.E.2d at 178 n. 3 (emphasis in original) (internal citations omitted).
The supreme court specifically indicated in Link that it has not yet addressed the effect of certification by a trial court. Id. Even though the partial decision herein was not certified by the trial court, this case involves an additional concern under Rule 54(b) that was not addressed in Link. The rule specifically states that when fewer than all claims have been adjudicated, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), SCRCP. Because the directed verdicts on Ashenfelder's causes of action for adverse possession, declaratory judgment, estoppel, trespass, and inverse condemnation are subject to revision under Rule 54(b) in the absence of certification, we need not yet reach whether the decisions are immediately appealable under section 14-3-330. In essence, we are one step removed from the question of *576 whether section 14-3-330 is controlling, as noted in Link, because we do not yet have a decision that dons a veil of appealability due to the potential for revision. Appellate courts should not delve into the realm of reviewing decisions that may be altered by the trial judge. See, e.g., State v. Glenn, 285 S.C. 384, 385, 330 S.E.2d 285, 285-86 (1985) (finding appellate review speculative when the trial judge is free to alter his ruling).
A trial judge may direct a verdict where there are no material facts in dispute and the case presents only a question of law. Rule 50(a), SCRCP; Fields v. J. Haynes Waters Builders, Inc., 376 S.C. 545, 564, 658 S.E.2d 80, 90 (2008). However, that decision is still subject to revision at any time before entry of that judgment by the clerk when the directed verdict is not certified and other claims in the action have not yet been adjudicated:
The trial judge, under our procedure, is afforded many opportunities to change his mind. For instance, no authority is needed for the proposition that a trial judge, even after judgment, has the right to grant a new trial based upon his reconsideration of a previous motion for directed verdict and of course many other illustrations could be given of a trial judge's right to reconsider decisions he has made during the course of a trial and before final judgment is entered.
PPG Indus., Inc. v. Orangeburg Paint & Decorating Ctr. Inc., 297 S.C. 176, 183, 375 S.E.2d 331, 335 (Ct.App.1988); see also Rule 54(b), SCRCP; Grooms, 246 S.C. at 514, 144 S.E.2d at 910 ("When the trial of this case was thus terminated, the status of the litigation and of the parties became the same as though no trial had taken place.").
Moreover, this court has had the opportunity to explore the application of Rule 54(b), finding the time to file post-trial motions did not begin to run until all claims had been adjudicated, where there was no "express determination" that there was no reason for delay in entering judgment on the previously adjudicated claims. Holroyd v. Requa, 361 S.C. 43, 53-54, 603 S.E.2d 417, 422 (Ct.App.2004). This court has also held that Rule 54(b) does not require certification, but if the court chooses to certify a judgment, it must do so in a definite and unmistakable manner. Tommy L. Griffin Plumbing & Heating *577 Co. v. Jordan, Jones & Goulding, Inc., 351 S.C. 459, 466, 570 S.E.2d 197, 200 (Ct.App.2002). Federal Rule 54(b) is substantially similar to the South Carolina rule. See Fed. R.Civ.P. 54(b). Under the federal rule, "[a]bsent a certification under Rule 54(b) any order in a . . . multiple [] claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2654 (3d ed.2010). "[A]n appeal from a decision adjudicating a portion of the case must be dismissed." 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2660 (3d ed.2010).
As previously indicated, in the context of a mistrial in a case involving multiple claims, Rule 54(b) suggests that the directed verdicts on some claims may not be final because these decisions are subject to revision. While it may be possible for us to harmonize the rule with mistrial jurisprudence by limiting its impact to evidentiary or similar trial decisions, the specific language of Rule 54(b) is much broader as it addresses any decision or order, however designated; ultimately, we may wish to review the need to revise the rule if we do not wish to accept its parameters or if it is inconsistent with desired appellate jurisprudence. In addition, we recognize that there are judicial economy arguments under either interpretation; however, the scope of the rule greatly assists the appellate review process, especially in a situation where the record does not include the entry of any written decision on the partial judgment. Similarly, judicial economy is thwarted if trials are stopped upon appeal of a partial directed verdict after presentation of the plaintiffs case.
In this matter, no judgment was ever entered by the clerk and, as indicated, no written or form order memorialized the directed verdicts. See Serowski v. Serowski, 381 S.C. 306, 315, 672 S.E.2d 589, 594 (Ct.App.2009) ("Until written and entered, a court has discretion to modify or amend a ruling."). Rather, the only order entered was a form order declaring a mistrial. See Rule 58(a)(2), SCRCP ("Subject to the provisions of Rule 54(b) . . . the court shall promptly prepare the form of the judgment . . . and after review and approval by the court, the clerk shall promptly enter it."). Therefore, because the decision is subject to revision pursuant to Rule *578 54(b) and because there is neither a written order memorializing the directed verdicts under Rule 58(a)(2) nor entry of an order, the only judgment in this case is the order declaring a mistrial. See Rule 77(d), SCRCP; Grooms, 246 S.C. at 514, 144 S.E.2d at 910.
Rule 54(b), without conflicting with Link, affords the trial court an opportunity to exercise its discretion to make sure there will be no need to revise a directed verdict or any other decision. Aside from a hung jury, it is possible for a court to grant a mistrial based on its own recognition of error in earlier rulings or in the proceedings. See Ford v. State Ethics Comm'n, 344 S.C. 642, 645, 545 S.E.2d 821, 823 (2001) ("There is no dispute a trial court has the discretion to change its mind and amend its oral ruling."); PPG Indus., Inc., 297 S.C. at 183-84, 375 S.E.2d at 335 (discussing the many opportunities of the trial court to change its mind). Thus, the rule affords the court the opportunity to correct its prior rulings or address any fairness or other concerns about the trial proceedings. Pursuant to the process of certification, the appellate courts of this state need not question whether or not the possibility of revision exists. Moreover, this requirement does not present an onerous burden upon trial counsel because a motion to certify need not be extensive, if such motion is desired. Importantly, the analysis herein does not preclude entry of an order maintaining the earlier directed verdicts; instead, the focus of the rule invites a determination by the trial court that the decision is no longer subject to revision. Once we are assured that the possibility of revision no longer exists, then we may proceed to analyze whether a decision is appropriate for appeal under Link and section 14-3-330.[3]
Turning to the case at hand, the directed verdicts on Ashenfelder's claims remain subject to revision. There is no written order directing the clerk to enter judgment, as required by the Rules of Civil Procedure. See Rule 58(a), *579 SCRCP ("A judgment is effective only when so set forth and entered in the record.").
Without prejudice, the appeal in this matter is hereby
DISMISSED.
NOTES
[1] Ashenfelder did not address the ruling on his cause of action for negligence in his statement of issues on appeal. See Rule 208(b)(1)(B) ("Ordinarily, no point will be considered which is not set forth in the statement of issues on appeal.").
[2] Bruggeman did not appeal.
[3] We are hesitant to apply a ten-day cap on revision of the court's oral rulings because that ten-day period is also necessarily tied to the entry of a written order. See Leviner v. Sonoco Prods. Co., 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) (stating that a trial judge has only ten days from entry of judgment to alter or amend an earlier order absent an indication that a more full and complete order or judgment is to follow).