23608

David Ray THOMAS, Petitioner v. STATE of South Carolina, Respondent.
(417 S.E. (2d) 531)

Supreme Court

*Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton,* Columbia, *for respondent.*

Submitted Jan. 21, 1992.

Decided March 30, 1992.

TOAL, Justice:

The petitioner was found guilty of first-degree burglary and first-degree criminal sexual conduct. In this post-conviction relief action the petitioner alleges he received ineffective assistance of counsel. We agree and reverse the lower court's denial of relief.

At trial, the victim testified she had just returned home from the hospital the day before the attack. She met the petitioner several times that day for brief periods. The victim was awoken the following morning when her assailant was on top of her with a knife at her throat. The victim claims even though her assailant's face was partially obscured and the lighting was dim, she recognized him as her neighbor, whom she had met the day before. The victim identified the petitioner at the hospital several hours after the attack. As the sole witness to this attack, the victim's credibility and identification of her attacker was crucial to the State's case. The petitioner asserts that counsel was ineffective in failing to call the emergency medical personnel who would have testified that immediately after the attack the victim said she did not know her assailant.

To establish ineffective assistance of counsel, the petitioner must prove counsel's performance was deficient and this deficiency prejudiced the petitioner's case. *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989). We find counsel's performance was deficient in failing to call the medical personnel who would have cast doubt on the sole witness' identification of the petitioner. Further, since this witness' identification was crucial to the case, we find the omission of this witness prejudiced the petitioner.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.