2043

STATE, Respondent v. Todd JACKSON, Appellant.

(433 S.E. (2d) 19)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III of South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.;* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard June 8, 1993; Decided July 6, 1993.

Reh. Den. July 30, 1993.

GOOLSBY, Judge:

Todd Jackson appeals his conviction for armed robbery. He contends the trial judge committed prejudicial error in failing to instruct the jury that he could not be guilty of armed robbery if the jury found he owned the property taken. We affirm.

Viewed in the light most favorable to Jackson, the evidence offered by the state showed Jackson and two others, pretending to be law enforcement officers, pointed guns at Jonathan Stroman and two companions and robbed Stroman of some gold chains. Neither Stroman nor those with him at the time of the alleged robbery testified. Jackson also did not testify; however, the state introduced a statement that Jackson gave to the police at the time of his arrest. The statement read as follows:

> At about 11:30 tonight[,] I was with Sam Benerman and Lorenzo Stanford. We were going to [Roosevelt] Village to get our jewelry and money back from the guys who robbed us earlier. Lorenzo had a BB gun that looked like a rifle. I had a .22 [caliber] pistol that I borrowed from a friend. When Sam drove up to Washington Deli, we saw the guys who robbed us. [T]hey took $80.00 cash from me and two long gold chains. Lorenzo jumped out with the BB gun and pointed it at the guys. I jumped out and said, "Gimme [sic] mine." [T]he short guy ran[,] but I caught him [and] pointed the pistol at him [and] told him to give me my money [and] jewelry back. He said the other guy has the jewelry. He said he didn't have any money. I said, ["]lets [sic] go["] and we all took off.

Stanford corroborated Jackson's account when questioned by the police.

By Defendant's Request to Charge No. 1, Jackson sought to have the trial judge to instruct the jury,

In order to find the defendant guilty, you must find that he took property that did not belong to the defendant. A person cannot steal his own property.

In charging the jury on the law of armed robbery, the trial judge defined the offense of larceny and he stated,

I further charge you, Ladies and Gentlemen, that it is the law of our state that a person cannot steal his own property. I further charge you in that regard that it is not necessary that the property taken be owned by the person from whom it is taken. The victim's possession of it is sufficient.

After giving the jury his charge, the trial judge sent the jury out and discussed with counsel his instructions concerning a person's stealing his own property. The trial judge read an excerpt from WILLIAM S. MCANINCH and W. GASTON FAIREY, *THE CRIMINAL LAW OF SOUTH CAROLINA* (2d ed. 1989), and he indicated he would call the jury back for additional instructions.

The trial judge had the jury returned to the courtroom and, relying on *THE CRIMINAL LAW OF SOUTH CAROLINA* at 249, charged the jury as follows:

I would further charge you, Ladies and Gentlemen, that even though one may have title to the property in question, he commits larceny if he wrongfully deprives another of possession. A common example would involve an owner's taking without authorization his property from one with a mechanic's lien. Likewise, the law does not permit a creditor to make collection of what is due him by a larceny of his debtor's goods.

The trial judge then sent the jury out.

He brought the jury back again, however, when it asked to rehear portions of the trial judge's charge. Following the jury's exit from the courtroom, Jackson's counsel remarked,

[W]hat I was going to suggest before you brought them out—and I didn't, and I am sorry I didn't—I think they are confused because they are [sic] conflicting statements of law. I could be wrong. I don't know if you picked this up or not. What I was going to propose is to have you

charge, if you find that the property belonged to Mr. Jackson belonged to the defendant, then you must find him not guilty. And that ends their deliberations. But if they have a question about whether or not that was his property or not, then the other charges are appropriate.

The trial judge chose not to give any more additional instructions, apparently disagreeing with defense counsel's argument, which is also made here, that his instructions were confusing and conflicting.

■ As a general proposition, a defendant cannot be guilty of robbery in forcibly taking his own property from another person. 67 Am. Jur. (2d) *Robbery* § 19, at 72 (1985); 77 C.J.S. *Robbery* § 7b, at 453 (1952); *see Patterson v. Bogan*, 261 S.C. 87, 198 S.E. (2d) 586 (1973) (wherein the court held a partner cannot be convicted of larceny of partnership property). Here, the trial judge's charge makes the general proposition sufficiently clear.

■ The trial judge told the jury that the offense of armed robbery includes the offense of larceny; that one element of the offense of larceny is that the property taken "was of the personal property of another"; and that "a person cannot steal his own property." Fairly construed, this means that a defendant cannot rob another person by taking property that belongs to the defendant because the taking by the defendant of his own property would not be larceny. As given then, the charge permitted the jury to acquit Jackson if it found the gold chains taken from Stroman belonged to Jackson and Stroman had taken them from Jackson unlawfully. *See* 77 C.J.S. *Robbery* § 7b, at 453 (1952) (a defendant is not guilty of robbery "as where he violently retakes his property from one who has acquired it unlawfully").

The trial judge's references in his additional charge to an owner's taking property subject to a mechanic's lien from one who held the lien and to a creditor's taking property owned by a debtor were given for illustrative purposes only and were correct statements of the law. When considered along with everything else that the trial judge charged, the references, even if misleading when read in isolation, afford no basis for reversal here. *See State v. Sims*, 304 S.C. 409, 405 S.E. (2d) 377, 384 (1991) ("Jury instructions must be considered as a whole, and if

as a whole, they are free from error, any isolated portions which might be misleading do not constitute reversible error").

Affirmed.

SHAW and CURETON, JJ., concur.