495 S.E.2d 768

**Todd JACKSON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24749.

Supreme Court of South Carolina.

Submitted Sept. 18, 1997.

Decided Jan. 19, 1998.

Lisa G. Echols, of South Carolina Office of Appellate Defense, Columbia, for respondent.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, Columbia, for petitioner.

BURNETT, Justice:

The State appeals the grant of post conviction relief (PCR) to respondent. We reverse.

## FACTS

Respondent was convicted of armed robbery and sentenced to imprisonment for twenty-five years. His conviction and sentence were affirmed on direct appeal. *State v. Jackson*, 315 S.C. 219, 433 S.E.2d 19 (Ct.App.1993). Respondent filed a PCR application alleging ineffectiveness of his trial counsel. After an evidentiary hearing, the PCR judge found respon-

dent's trial counsel was ineffective in several respects, including failing to investigate the backgrounds of the eyewitnesses and the victims; failing to call the co-defendants as witnesses; failing to present a defense; failing to adequately prepare the case; and operating under a conflict of interest. Respondent was granted a new trial.

## ISSUE

Did the PCR judge err in finding respondent's trial counsel was ineffective?

## DISCUSSION

There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). In order to prove that counsel was ineffective, the applicant must show counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington, supra; Thrift v. State,* 302 S.C. 535, 397 S.E.2d 523 (1990). To show prejudice, the applicant must show, but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Strickland v. Washington, supra.* This Court will sustain the PCR judge's factual findings and conclusions regarding ineffective assistance of counsel if there is any probative evidence to support those findings. *Skeen v. State,* 325 S.C. 210, 481 S.E.2d 129 (1997). However, if there is no probative evidence to support the PCR judge's findings, the findings will not be upheld. *Satterwhite v. State,* 325 S.C. 254, 481 S.E.2d 709 (1997); *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996).

### Failing to Investigate Backgrounds of Victims and Witnesses

The State contends the PCR judge erred in finding counsel's failure to investigate the backgrounds of the victims

and witnesses to determine if they had criminal records or were involved in illegal activities prejudiced respondent's defense. We agree.

Counsel admitted at the PCR hearing he did not check the criminal records of the victims or eyewitnesses to the robbery prior to the trial. Counsel further admitted it was an error not to investigate the victims and eyewitnesses.

The robbery occurred after 11:00 p.m. in a high crime district. Given the time and location of the robbery, a reasonable attorney would have concluded a background investigation of the victims and witnesses was necessary. An investigation to determine the credibility of the victims and witnesses was especially important in light of respondent's claim that he was merely retrieving property which had been stolen from him by the victims. Therefore, there is probative evidence to support the PCR judge's finding that counsel's performance was deficient in this matter. *Skeen v. State, supra.*

However, there is no probative evidence to support the finding of prejudice. While the PCR judge was correct in finding the credibility of the eyewitnesses and victims "would have been critical," no probative evidence was presented at the PCR hearing to show the eyewitnesses and victims were not credible. The only "evidence" that either the victims or eyewitnesses had criminal records were statements and questions by respondent's PCR counsel that one of the victims was incarcerated in another state at the time of respondent's trial and respondent's testimony that he knew this victim was in jail.[1] Respondent failed to substantiate this allegation with any probative evidence. *See Glover v. State,* 318 S.C. 496, 458 S.E.2d 538 (1995) (applicant's allegations, alone, will not support a finding of prejudice when applicant claims counsel was ineffective for failing to investigate witnesses; instead, applicant must show the results of an investigation would have resulted in a different outcome at trial). Mere speculation and conjecture on the part of respondent is insufficient. *Id.*

Even assuming one of the eyewitnesses or victims had a criminal record, no evidence was presented to show the crime

---

1. The State moved to strike the allegation that the victim was incarcerated unless there was evidence to support the allegation. The PCR judge denied that motion.

was one of moral turpitude which could be used for impeachment purposes. *State v. Major,* 301 S.C. 181, 391 S.E.2d 235 (1990). Moreover, because at the trial the victims did not testify [2] and the State never attempted to establish the credibility of the victims, they could not be impeached with any prior records.

Thus, no evidence supports the PCR judge's finding that respondent was prejudiced by counsel's failure to check the records of these individuals. *Satterwhite v. State, supra; High v. State,* 300 S.C. 88, 386 S.E.2d 463 (1989) (PCR judge's findings will not be upheld if there is no probative evidence to support them).

*Failure to Interview and Call Co–Defendants as Witnesses*

■ The State claims the PCR judge erred in finding trial counsel ineffective for failing to interview respondent's co-defendants and for failing to call them as witnesses at respondent's trial because respondent failed to prove prejudice. We agree.

Respondent testified he asked counsel to call one of his co-defendants, Lorenzo Stanford (Stanford), as a witness at trial, but counsel did not do so. At the PCR hearing, Stanford's statement he made to the police following the robbery was introduced to support respondent's claim of ineffectiveness.

Counsel testified Stanford and respondent's other co-defendant, Sam Bennerman (Bennerman), were not called as witnesses because Stanford's statement, which supported respondent's version of the incident, was presented through the testimony of a police officer. According to counsel, he contacted counsel for the co-defendants and was told any testimony given by them would be the same as their statements given to the police. Counsel also reviewed the co-defendant's statements. Counsel made the decision not to call Stanford and Bennerman to testify because he "didn't want to run the risk of calling them and having something go wrong." Further, counsel thought the testimony of the police officer admitting Stanford's statement supported respondent's version of the

---

**2.** The victims did not testify at the trial. Instead, two police officers who witnessed the robbery and two cousins of one of the victims who witnessed the crime testified at trial.

incident and lent more credibility to respondent's defense than calling Stanford to testify.

Although respondent did introduce evidence at the PCR hearing of what Stanford's testimony would have been had he testified at trial, this same information was presented through the testimony of the police officer who took the statement. Thus, the jury was aware respondent's defense was corroborated. Respondent failed to show Stanford's testimony could have provided additional information to what was admitted through the police officer's testimony to assist in respondent's defense. *Compare with Thomas v. State*, 308 S.C. 123, 417 S.E.2d 531 (1992) (petitioner showed uncalled witness' testimony would have made a difference in the trial because it would have cast doubt on the sole witness' identification of the petitioner). Therefore, respondent failed to present any evidence of prejudice in failing to call Stanford as a witness.

Respondent also produced no evidence of how counsel's failure to interview Stanford or Bennerman prejudiced his defense. *See Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995) (prejudice from trial counsel's failure to interview or call witnesses could not be shown where the PCR applicant failed to introduce evidence of what the uncalled witnesses' testimony would have been and an applicant's mere speculation what a witness' testimony would have been cannot satisfy the applicant's burden of showing prejudice).[3] It is pure speculation to conclude the outcome of respondent's trial would have been different if counsel had interviewed and/or called Stanford and Bennerman as witnesses.

Further, the decision not to call Stanford as a witness was trial strategy. Counsel claimed he thought the testimony concerning the corroboration of respondent's statement would be more credible if presented through the testimony of the police officer instead of Stanford. This is a valid reason for deciding not to call Stanford since Stanford's credibility would have been at issue if he testified. Thus, counsel was not ineffective for employing this strategy. *Stokes v. State*, 308

---

3. Citing *Glover*, the State claims respondent *must produce the witness* in order to show prejudice. The State is misreading the law. Under our case law, the applicant must produce the witness at the PCR hearing *or* otherwise introduce the witness' testimony in a manner consistent with the rules of evidence. *Glover v. State, supra.*

S.C. 546, 419 S.E.2d 778 (1992) (where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel).

### Failure to Present a Defense

The State argues the PCR judge erred in finding trial counsel ineffective in "failing to present any defense." We agree.

At trial, respondent's statement which set forth his defense that he was merely reclaiming the property that had been taken from him was admitted. Counsel cross-examined the police officer as to respondent's statement and Stanford's corroborating statement. The solicitor mentioned the defense and discredited it in his closing argument. Counsel requested and received a jury charge that a person cannot steal his own property. However, counsel did not offer any witnesses and respondent did not testify.

At the PCR hearing, counsel testified he argued respondent's defense to the jury[4] and requested and received a jury charge on the defense. Counsel admitted he did not attempt to find other witnesses to support respondent's allegation that the stolen property belonged to him. Respondent acknowledged counsel argued the defense in closing.

We find the probative evidence fails to support the PCR judge's finding on this issue. *Satterwhite v. State, supra.* Instead, counsel presented respondent's defense that respondent was merely reclaiming his property. While it is true counsel did not present any witnesses at trial, a criminal defendant is not required to present evidence. Further, respondent has not shown what additional evidence counsel could have presented to support this defense. *Glover, supra.* Accordingly, respondent did not establish counsel was deficient or that any deficient performance prejudiced his defense.

Further, it was a strategic decision not to have respondent testify. *See Stokes v. State, supra.* Respondent has a conviction for possession of crack cocaine, a crime of moral turpitude, which could have been used to impeach him. *See State v. Major,* 301 S.C. 181, 391 S.E.2d 235 (1990). Counsel

---

4. Counsel's closing argument was not transcribed.

testified at the PCR hearing he was aware of respondent's conviction. While confusion arose over whether respondent had a previous conviction for strong arm robbery, this matter was resolved before sentencing. Further, regardless whether respondent had a prior robbery conviction, counsel would have still advised respondent not to testify because of his prior drug conviction. Thus, respondent has failed to show prejudice.

### Failing to Adequately Prepare the Case

The State claims the PCR judge erred in finding trial counsel ineffective for failing to adequately prepare respondent's case. We agree.

According to its order, the lower court specifically found counsel ineffective:

In failing to adequately and sufficiently meet with the Applicant and permit the Applicant to fully participate in the defense of this matter.

Respondent testified counsel met with him briefly when he advised him to waive his preliminary hearing, when he was first offered a plea bargain, and a week before trial when counsel again discussed a guilty plea. According to respondent, he never discussed the facts of the case until the day before his trial when counsel again attempted to convince respondent to plead guilty. Respondent agreed to plead guilty; however, respondent changed his mind during the plea and proceeded with a jury trial. Respondent testified counsel advised him not to testify, told him the defense would be the victims owed him drug money, and refused respondent's request to subpoena Stanford.

Counsel testified at the PCR hearing he did not recall the number of times he met with respondent, but it was probably three or four times and that he did talk with him "several times about the case." Counsel stated he discussed with respondent calling Bennerman, but decided to leave that decision until trial. According to counsel, respondent never asked him to call Stanford as a witness. Counsel testified he had filed a discovery request and had reviewed the materials in the solicitor's file, including Stanford's statement.

In our opinion, the PCR judge erred in finding counsel ineffective in preparing respondent's case. Respondent failed

to present any evidence of what counsel could have discovered or what other defenses respondent would have requested counsel pursue had counsel more fully prepared for the trial. Thus, respondent has failed to show his counsel's lack of preparation prejudiced him, and no probative evidence supports the PCR judge's findings on this issue. *Satterwhite v. State, supra.* Instead, the PCR judge's order is based on respondent's speculation that counsel could have done a better job representing respondent if he spent more time with him. *Glover, supra* (speculation and conjecture will not support a finding of ineffective assistance of counsel).

### Conflict of Interest

The State contends the PCR judge erred in finding trial counsel ineffective due to a conflict of interest. We agree.

Counsel for respondent was employed by the Richland County Public Defender's Office, as were the attorneys for respondent's co-defendants. Therefore, respondent argued counsel was operating under a conflict of interest.

The PCR judge found counsel was ineffective due to a conflict of interest. Specifically, the PCR judge found:

[i]t is . . . clear that the Richland County Public Defender's office had a conflict of interest in this matter by representing all three (3) co-defendants. *Although there is no evidence* of overt use of confidential information in this matter as between the co-defendants, *it appears that this joint representation could have been an explanation for the failure of Applicant's counsel to adequately prepare the case for trial.* Further, the Applicant was never advised regarding this potential conflict by his counsel.

(emphasis added).

To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Duncan v. State,* 281 S.C. 435, 315 S.E.2d 809 (1984). An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's. *Duncan v. State,*

*supra.* The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. *Cuyler v. Sullivan, supra.*

In our opinion, respondent did not show any actual conflict of interest resulted from counsel's representation of him while others in counsel's office represented respondent's co-defendants. All respondent showed and the PCR judge found was a potential conflict of interest because counsel worked in the same office with the attorneys who represented the co-defendants. Counsel testified no conflict existed, and respondent could not point to an actual conflict. Thus, this potential conflict never ripened into an actual conflict. Nothing in the record suggests the potential conflict caused counsel to treat respondent's case in such a manner as to obtain more favorable consideration for respondent's co-defendants. Further, the fact that counsel never advised respondent of the potential conflict of interest does not affect the constitutionality of the conviction. *See Langford v. State,* 310 S.C. 357, 360, 426 S.E.2d 793, 794 (1993) ("Rules of Professional Conduct have no bearing on the constitutionality of a criminal conviction"). Therefore, the PCR judge erred in finding a conflict of interest existed.

REVERSED.

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.