660 S.E.2d 512

Clarence D. SPEAKS, Jr., Respondent

v.

STATE of South Carolina, Petitioner.

No. 26469.

Supreme Court of South Carolina.

Submitted Feb. 21, 2008.

Decided April 14, 2008.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen C. Ratigan, all of Columbia, for Petitioner.

Deputy Chief Attorney Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

## ON WRIT OF CERTIORARI

Chief Justice TOAL:

In this case, the post-conviction relief (PCR) court found trial counsel ineffective for failing to request an identification instruction at trial, and therefore, granted Respondent Clarence Speaks relief. This Court granted the State's petition for a writ of certiorari, and we reverse the PCR court's decision.

### FACTUAL/PROCEDURAL BACKGROUND

A grand jury indicted Respondent for assault and battery with intent to kill (ABWIK) and first-degree burglary following an incident where four people allegedly entered Belinda Sullivan's apartment and assaulted her boyfriend, Patrick Brock. At trial, Belinda testified that around 2:30 a.m., she heard a knock and cracked open the door to see Mark Jefferies, her ex-boyfriend, along with Respondent, Respondent's mother, Bonnie, and Respondent's sister, Angel. Belinda testified that Respondent, Bonnie, and Angel were Mark's cousins and that she knew them through her previous relationship with Mark. Belinda testified that all four individuals forced their way into her apartment, asked her why she let Patrick attack Mark,[1] and then proceeded upstairs to the

---

1. Earlier that evening, Mark and Patrick got into a physical altercation in which apparently Patrick injured Mark.

bedroom where Patrick was sleeping. Belinda testified that once in the bedroom, Respondent began striking Patrick and eventually threw a television on Patrick. Patrick provided essentially the same testimony and identified Respondent as the person who assaulted him.

Respondent presented several witnesses to rebut Belinda's and Patrick's testimonies. Specifically, Respondent's girl-friend testified that Respondent was with her on the night of the incident, but that Respondent left her house for thirty minutes with his father. Respondent's father testified that although he and Respondent drove to Belinda's apartment, they arrived after the altercation had taken place. Angel, Bonnie, and Mark all admitted that they were present during the altercation, but testified that Mark assaulted Patrick and specifically testified that Respondent was never there. Finally, Respondent testified that he was not at Belinda's apartment during the altercation and that he did not assault Patrick. The jury found Respondent guilty of ABWIK and burglary.

At the PCR hearing, Respondent argued that trial counsel should have investigated Patrick's inability to identify him as the assailant. Respondent testified that Patrick mistook Respondent for two different people at his bond hearing, and that on a later occasion, he saw Patrick at the probation office but that Patrick did not recognize him. Additionally, Respondent alleged that the arrest warrant described the assailant as five feet, six inches and 155 pounds but that he is six feet and 200 pounds. Respondent alleged that Mark more accurately matched the description in the warrant. Trial counsel testified that Respondent never informed him that Patrick failed to recognize him at the bond hearing and that he raised identification issues at trial.

The PCR court found that the identification of Respondent as the assailant was an "integral issue" at trial. Additionally, the PCR court found numerous factors indicated that the identification of Respondent as the assailant was peculiarly suspect. Specifically, these factors included testimony that Respondent was not involved in the assault, the description of the assailant in the arrest warrant, Respondent's testimony regarding Patrick's failure to recognize him, and the likely

possibility that Belinda implicated Respondent instead of Mark out of fear of Patrick's retaliation against Mark. Accordingly, the PCR court held that trial counsel was ineffective for failing to request a jury instruction on identification

This Court granted certiorari to review the PCR court's decision, and the State presents the following issue for review:

Did the PCR court err in finding trial counsel ineffective for failing to request an identification instruction?

## STANDARD OF REVIEW

In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

## LAW/ANALYSIS

The State argues that the PCR court erred in finding trial counsel ineffective for failing to request an identification jury charge. We agree.

In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *United States v. Telfaire,* the court recommended "that trial courts include, as a matter of routine, an identification instruction" and provided a model identification instruction. *Id.* 152 U.S.App.D.C. 146, 149 n. 11, 469 F.2d 552, 555 n. 11 (C.A.D.C.1972). The model instruction, which emphasized that the State had to prove the accuracy of the identification of the defendant beyond a reasonable doubt, "was designed to focus the attention of the jury on the identification issue and minimize the risk of conviction through false or mistaken identification." *State v. Jones,* 344 S.C. 48, 59, 543 S.E.2d 541, 547 (2001). In *State v. Simmons,* this Court "admonish[ed] the trial bench that in single witness identification cases the

court should instruct the jury that the burden of proving the identity of the defendant rests with the state." 308 S.C. 80, 83, 417 S.E.2d 92, 94 (1992).

In our opinion, there is no evidence to support the PCR court's finding that trial counsel was ineffective for failing to request an identification instruction. Specifically, we do not believe that identification was an "integral issue" at Respondent's trial. Belinda and Patrick testified that Respondent, Mark, Angel, and Bonnie entered the apartment and that Respondent assaulted Patrick. On the other hand, Respondent's witnesses testified that only Mark, Angel, and Bonnie entered the apartment, that Mark assaulted Patrick, and that Respondent was never present during the altercation. Thus, the jury was not faced with the issue of whether Belinda and Patrick misidentified Respondent, but rather whether to believe their testimonies or instead whether to believe the defense's witnesses' testimonies.[2] Accordingly, we believe that the critical issue at trial was witness credibility, an issue on which the trial court sufficiently charged the jury. This conclusion is further supported by the PCR court's specific findings. For example, the PCR court noted that Respondent's witnesses testified that Respondent was not present during the assault and the PCR court determined that Belinda had motivation to falsely implicate Respondent.

Additionally, we believe cases in which an identification charge was relevant are readily distinguishable from this case. For example, *Simmons* involved a police officer identifying the defendant following an undercover operation, and in *Jones* and *State v. Patterson*, 337 S.C. 215, 522 S.E.2d 845 (Ct.App.1999), neither victim/eyewitness identifying the defendant knew the defendant prior to the crime. Conversely, in the instant case, the State provided two eyewitnesses who unequivocally identified Respondent as the assailant. *See Jones*, 344 S.C. at 59, 543 S.E.2d at 547 (holding a *Telfaire* charge was unnecessary where the case did not involve a single witness identification and where, given the witnesses' degree of certainty, there appeared very little likelihood of mistaken identification) *and State v. Motes*, 264 S.C. 317, 326, 215 S.E.2d 190, 194 (1975)

---

**2.** This, in our view, is the distinction between the issue of identification and witness credibility.

(finding no error in failing to give a *Telfaire* instruction where identification presented no peculiar problem).

Accordingly, we hold that there is no evidence to support the PCR court's decision that trial counsel was ineffective for failing to request an identification instruction.

## CONCLUSION

For the foregoing reasons, we reverse the PCR court's order granting Respondent relief.

MOORE, WALLER, and BEATTY, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent. In my opinion, since there is evidence of probative value in the record to support the post-conviction relief (PCR) judge's finding of ineffective assistance of counsel, we should uphold his decision. *E.g., Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

The majority finds error in the PCR judge's finding that identification was the "integral issue" at Respondent's trial, stating that instead the "critical issue" was witness credibility. I do not understand this distinction, as the question was whether the witnesses' identification of Respondent as a participant in the crimes was credible. Moreover, the fact that two State's witnesses unequivocally identified Respondent as the assailant does not negate the importance of identification in the case, but merely highlights the centrality of the issue given that four defense witnesses, including those who admitted being present at the scene, as well as Respondent testified that he was not involved.

I would uphold the PCR judge's finding that trial counsel was ineffective in failing to request a jury charge emphasizing the State's burden to establish the accuracy of Respondent's identification beyond a reasonable doubt. *Cherry v. State, supra.*