**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Anthony Rogers, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002116

———————————

Appeal From Spartanburg County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-247
Submitted June 1, 2021 – Filed June 30, 2021

———————————

**AFFIRMED**

———————————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Petitioner.

Assistant Attorney General William Harold Ray and Assistant Attorney General Chelsey Faith Marto, both of Columbia, for Respondent.

———————————

**PER CURIAM:** In this action for post-conviction relief (PCR), Petitioner Michael Anthony Rogers argues the PCR court erred by failing to find his trial counsel provided ineffective assistance for (1) failing to introduce a 911 recording that contained evidence of Petitioner's efforts to save Victim John Ryan, and (2) failing

to request jury charges for involuntary manslaughter and habitation in Petitioner's murder trial for the stabbing death of Victim. We affirm.

1. We find evidence supports the PCR court's dismissal of Petitioner's claim of ineffective assistance of counsel for trial counsel's decision not to introduce the 911 recording. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *id.* ("On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record."); *id.* ("In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case."). Trial counsel testified that he did not introduce the recording because he believed statements from Petitioner's girlfriend in the recording made it sound as if Petitioner fought and killed Victim because Victim made a romantic pass at Petitioner's girlfriend. *See Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984))); *id.* ("[W]hen counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel.").

2. We find evidence supports the PCR court's dismissal of Petitioner's claim of ineffective assistance of counsel for trial counsel's decision not to seek jury charges for involuntary manslaughter and the defense of habitation. *See Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 ("In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case."); *id.* ("On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record."); *id.* ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."). Petitioner did not produce evidence from which it could be inferred that he committed involuntary manslaughter. *See State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014) ("The [circuit] court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense."); *State v. Smith*, 391 S.C. 408, 414, 706 S.E.2d 12, 15 (2011) ("Involuntary manslaughter is: (1) the unintentional killing of another without malice, but while engaged in an unlawful activity not amounting to a felony

and not naturally tending to cause death or great bodily harm; or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others."); *Sullivan v. State*, 407 S.C. 241, 244–45, 754 S.E.2d 885, 887 (Ct. App. 2014) ("To warrant a jury charge on involuntary manslaughter under either definition, there must be some evidence that the killing was unintentional."); *Sams*, 410 S.C. at 310–11, 764 S.E.2d at 515 ("To the extent [the petitioner] further claims on appeal to this [c]ourt that he did not 'intend' to kill the victim by choking him and intended only to restrain him but was perhaps criminally negligent in doing so, we agree with the circuit court that this bald assertion of [the petitioner]'s intent, i.e., that he meant no harm to [the victim], is not singularly dispositive of whether [the petitioner] is entitled to an instruction on involuntary manslaughter.").

Additionally, Petitioner did not produce evidence that would have entitled him to a jury charge on the defense of habitation. *See State v. Rye*, 375 S.C. 119, 124, 651 S.E.2d 321, 323 (2007) ("For the defense of habitation to apply, a defendant need only establish that a trespass has occurred and that his chosen means of ejectment were reasonable under the circumstances."). Although the evidence shows Petitioner asked Victim to leave his home, Petitioner admitted at trial that he was not attempting to eject Victim from his home during the fight between the pair.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.