**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy L. Frady, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000466

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-260
Submitted May 3, 2021 – Filed July 7, 2021

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Chelsey Faith Marto, both of Columbia, for Respondent.

**PER CURIAM:** Timothy Frady appeals from his conviction for criminal domestic violence (CDV), third offense, arguing his trial counsel was ineffective for not moving to suppress photographs found on a cell phone based on a

warrantless search that violated the Fourth Amendment to the Constitution of the United States.[1]

We find Frady's trial counsel was deficient for not arguing the photographs should have been suppressed because they were retrieved without a warrant. *See Riley v. California*, 573 U.S. 373, 386 (2014) (examining whether the search-incident-to-arrest exception to the Fourth Amendment applied when police searched data on cell phones following an arrest, concluding it did not apply to cell phone data, and holding officers must generally secure a warrant before conducting such a search); *United States v. Wurie*, 728 F.3d 1, 13 (1st Cir. 2013) (holding "the search-incident-to-arrest exception does not authorize the warrantless search of data on a cell phone seized from an arrestee's person, because the government has not convinced us that such a search is ever necessary to protect arresting officers or preserve destructible evidence"); *Chappell v. State*, 429 S.C. 68, 79, 837 S.E.2d 496, 502 (Ct. App. 2019) (holding Chappell's trial counsel should have known to object to improper bolstering involving an independent expert because although Chappell's trial was in 2012 and the first improper bolstering case involving an independent expert was decided by this court in 2015, the 2015 case did not establish a new legal principle or change the existing law); *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (providing trial counsel must provide "reasonably effective assistance" under "prevailing professional norms").

However, Frady must also prove he sustained prejudice as a result of his counsel's deficient performance. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In [PCR] proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Thompson v. State*, 423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018) ("To establish ineffective assistance of counsel, the PCR applicant must prove (1) counsel's performance fell below an objective standard of reasonableness, and (2) the applicant sustained prejudice as a result of counsel's deficient performance."); *id.* at 238, 814 S.E.2d at 489 ("To establish prejudice, the applicant must prove 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *Cherry v. State*, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989))). Frady was charged with and convicted of CDV. The State presented overwhelming evidence of Frady's guilt of CDV through Wife's testimony about the abuse, police officers' testimony about her injuries, and photographs of her injuries. The photographs of Frady's step-daughter found on the cell phone were only related to the crime of CDV against Wife because they served as the impetus

---

[1]  We decide this case pursuant to Rule 220(b)(1), SCACR.

to the argument during which Frady physically harmed Wife.  They did not directly show the harm committed against Wife.  Thus, we find despite Frady's trial counsel's deficient performance, the result of his proceeding likely would have been the same.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.