**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allen Stone, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2018-001847

---

**ON WRIT OF CERTIORARI**

---

Appeal From Charleston County
Thomas A. Russo, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-372
Submitted October 1, 2021 – Filed November 3, 2021

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Megan Harrigan Jameson, both of Columbia, for Petitioner.

Appellate Defender David Alexander, of Columbia, for Respondent.

---

**PER CURIAM:** After the circuit court revoked Allen Stone's probation in full, the post-conviction relief (PCR) court granted relief for ineffective assistance of counsel on three grounds. The law requires us to reverse the PCR court's order.

"In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them." *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017). However, "[w]e do not defer to a PCR court's rulings on questions of law." *Id.*

"In South Carolina . . . all persons charged with probation violations have a right to counsel and must be informed of this right pursuant to court rules and case law." *Turner v. State*, 384 S.C. 451, 454, 682 S.E.2d 792, 793 (2009). South Carolina courts apply the *Strickland* test to evaluate claims of ineffective assistance of probation counsel. *Id.* at 456, 682 S.E.2d at 794. "In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514.

**Administrative Hearing Officer's Recommendation**

The PCR court found revocation counsel was ineffective for failing to advise the revocation court that an administrative hearing officer recommended Stone's probation be revoked for one year rather than revoked in full. The State's lead argument is that the PCR court ignored testimony that Stone made a strategic decision not to mention this recommendation because Stone wished to avoid even a one-year revocation. The State also argues that the record reflects the revocation court was aware of the hearing officer's recommendation.

We agree with both arguments. First, Stone's revocation counsel testified at the PCR hearing that the reason she did not initially point the revocation court to the hearing officer's recommendation was because Stone sought to receive a sentence of less than a year. Stone's desire for a "lighter" sentence is a valid strategy for not specifically referencing the recommendation. *See McKnight v. State*, 378 S.C. 33, 43, 661 S.E.2d 354, 359 (2008) ("Where trial counsel articulates a valid reason for employing a certain trial strategy, counsel will not be deemed ineffective."); *Council v. State*, 380 S.C. 159, 175, 670 S.E.2d 356, 364 (2008) ("Counsel's strategy will be

reviewed under 'an objective standard of reasonableness.'" (quoting *Ingle v. State*, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002))).

Second, the record reflects that the revocation court had a report containing the hearing officer's recommendation and that revocation counsel emphasized the recommendation at the hearing on Stone's motion to reconsider his full revocation. We hold that revocation counsel was not deficient because counsel provided the revocation court with the administrative hearing summary, articulated a valid reason for not specifically referencing the administrative hearing officer's recommendation at the revocation hearing, and emphasized the recommendation at the reconsideration hearing. *See Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984))).

We find Stone cannot show prejudice because the revocation court denied Stone's motion to reconsider after revocation counsel repeatedly brought the hearing officer's recommendation to the court's attention. *See Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013) (holding that to establish prejudice, an applicant must show that "but for counsel's error, there is a reasonable probability the result of the proceedings would have been different"); *id.* ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland*, 466 U.S. at 694)).

**Felony Charges**

The PCR court ruled that revocation counsel was ineffective for failing to advise the revocation court Stone had not been arrested for any felony charges while on probation. The State argues this ruling is erroneous and not supported by the evidence. Here as well, we agree.

First, we hold revocation counsel was not deficient. Although revocation counsel did not emphasize at the revocation hearing that Stone's arrest for third-degree burglary arose from events that occurred before Stone began probation, the State accurately described the sequence of events—the State told the court that Stone had been rearrested for third-degree burglary but based on preprobation conduct.

Second, we hold Stone failed to show he was prejudiced. Stone specifically told the revocation court at the reconsideration hearing that he did not commit a felony while on probation, and Stone's probation arrest warrant confirmed Stone was originally arrested for third-degree burglary on October 11, 2013—before Stone began probation. Stone's counsel correctly informed the revocation court that Stone had been rearrested for third-degree burglary while on probation. The court was informed those charges stemmed out of preprobation conduct, but it nevertheless revoked Stone's probation in full and denied his motion to reconsider that sentence.

## Court Absences

The PCR court's third basis for relief was that revocation counsel was ineffective for failing to explain Stone's court absences. The State argues the record refutes this finding. As above, we agree.

First, revocation counsel was not deficient. At the first hearing—the revocation hearing—revocation counsel specifically noted Stone had been living in "Tent City," traveling anywhere was difficult for Stone, Stone suffered from various mental and physical health issues, and Stone had financial issues. Revocation counsel also noted Stone had been "in and out" of the hospital since 2015 and was receiving treatment. What is more, at the reconsideration hearing, counsel reiterated Stone's history of alcoholism and depression. Although revocation counsel did not specifically connect these circumstances to Stone's failure to appear in court, counsel sufficiently conveyed to the revocation court the hardships—both financial and medical—Stone faced regarding his ability to appear in court. Accordingly, revocation counsel was not deficient.

Second, Stone failed to show he was prejudiced by revocation counsel's alleged deficiency. Here, revocation counsel conveyed to the revocation court Stone's physical health, mental health, and financial hardships, which helped to explain his charges for failure to appear for court. Thus, Stone cannot show prejudice because the revocation court was made aware of Stone's physical, mental, and financial hardships, which impacted his ability to appear in court. Accordingly, the evidence does not support the PCR court's finding that revocation counsel was ineffective for failing to provide the revocation court an explanation as to why Stone failed to appear in court on two occasions, resulting in Stone's arrest.

Stone's evidence suggested he would benefit more from treatment than incarceration, and revocation counsel even came to the reconsideration hearing armed with a letter from the victim in Stone's underlying robbery explaining that the victim did not

oppose a reduction in Stone's sentence as long as Stone received alcohol treatment. Still, we do not see a legal basis for granting relief. The revocation court possessed the disputed evidence, the evidence was emphasized to the court on reconsideration, and reconsideration was denied. Therefore, the PCR court's order is

**REVERSED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.