**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terrance J. Goss, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000127

---

**ON WRIT OF CERTIORARI**

---

Appeal From Anderson County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-416
Heard June 8, 2022 – Filed November 23, 2022

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Lauren T'Coya Mims, both of
Columbia, for Respondent.

---

**PER CURIAM:** Terrance Goss appeals the denial of his application for post-conviction relief (PCR), arguing his trial counsel provided ineffective assistance of counsel by failing to investigate Sanchez Gilliard after Goss provided her with Gilliard's written statement, which Goss believed to be exculpatory. We affirm.

"Our standard of review in PCR cases depends on the specific issue before us." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). "We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them." *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017). "Questions of law are reviewed de novo, and we will reverse the PCR court's decision when it is controlled by an error of law." *Id.* (quoting *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016)). "[T]he burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "This court gives great deference to the PCR court's findings on matters of credibility." *Putnam v. State*, 417 S.C. 252, 260, 789 S.E.2d 594, 598 (Ct. App. 2016).

"A criminal defendant is guaranteed the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution." *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 101 (2013). To establish a claim for ineffective assistance of counsel, a PCR applicant must show (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687– 88, 691–94 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

"[C]riminal defense attorneys have a duty to undertake a reasonable investigation, which at a minimum includes interviewing potential witnesses and making an independent investigation of the facts and circumstances of the case." *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011). "A PCR court's analysis of counsel's strategic decisions must be 'highly deferential' to counsel's judgment, and 'a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Buckson v. State*, 423 S.C. 313, 320– 21, 815 S.E.2d 436, 440 (2018) (quoting *Strickland*, 466 U.S. at 689). "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by *mere speculation as to result*."

*Porter v. State*, 368 S.C. 378, 385, 629 S.E.2d 353, 357 (2006), *abrogated on other grounds by Smalls*, 422 S.C. at 181 n.2, 810 S.E.2d at 839 n.2 (emphasis added).

We hold the PCR court did not err in finding trial counsel was not ineffective in her representation of Goss. *See Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 ("[T]he burden of proof is on the applicant to prove the allegations in his application."). We acknowledge trial counsel's alleged deficiency in failing to investigate and interview Gilliard is a close issue; however, we find the PCR court properly held Goss failed to show the alleged deficiency prejudiced his case. *See Bannister v. State*, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998) ("[A] PCR applicant must produce the testimony of a *favorable* witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial." (emphasis added)). Gilliard's statement is ambiguous at best. Further, the testimony of Travis Patterson, Goss's codefendant, and Derrick Jones did not corroborate the statement, and the statement did not specify when Gilliard, Jones, and Patterson robbed the station. Thus, Gilliard's statement does not constitute "favorable" evidence, and Goss failed to present any other exculpatory evidence at the PCR hearing. *See Jackson v. State*, 329 S.C. 345, 350–51, 495 S.E.2d 768, 770–71 (1998) (finding petitioner failed to show prejudice from counsel's failure to call his codefendant as a witness at trial because although petitioner presented the codefendant's statement at the PCR hearing, the same information was presented at trial); *Edwards*, 392 S.C. at 459, 710 S.E.2d at 66 (noting the proffered testimony at the PCR hearing was not evidence that would have exonerated the petitioner); *cf. Glover v. State*, 318 S.C. 496, 498, 458 S.E.2d 538, 540 (1995) (concluding trial counsel's failure to contact two witnesses who testified at the PCR hearing did not prejudice the petitioner when the witnesses' PCR testimony did not establish an alibi defense). Accordingly, we find Goss failed to establish that trial counsel was ineffective in her representation. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

Based on the foregoing, the order of the PCR court is

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**