**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shana Robinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-002216

―――――――――

Appeal from Berkeley County
Michael G. Nettles, Post-Conviction Relief Judge

―――――――――

Unpublished Opinion No. 2024-UP-117
Submitted February 1, 2024 – Filed April 10, 2024

―――――――――

**AFFIRMED**

―――――――――

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Danielle Dixon, both of Columbia, for
Respondent.

―――――――――

**PER CURIAM:** Petitioner Shana Robinson seeks review of the post-conviction
relief (PCR) court's order denying her PCR application. Robinson argues trial
counsel provided ineffective assistance in calling Dr. Robert Bennett as an expert

witness because Bennett's testimony undermined her defense and Robinson lost any benefit from Bennett's testimony when he was "totally discredited" on cross-examination. We affirm.

Robinson was indicted for felony driving under the influence (DUI) resulting in death. At trial, the State argued Robinson was speeding, crossed the center line into the victim's lane of travel, and hit the victim's car head-on while driving under the influence of drugs and alcohol. Robinson's defense was that she was not impaired and that the victim was impaired and distracted and crossed the center line first.

Bennett testified on Robinson's behalf as an expert in forensic toxicology. Bennett testified that using a zero to one hundred scale, a person with Robinson's blood alcohol content (BAC) would be five to ten percent impaired. On cross-examination, the State questioned Bennett about a cease and desist order the South Carolina Board of Pharmacy issued against him that prohibited Bennett from representing himself as a registered pharmacist. Bennett conceded his pharmacist license was expired but asserted he was registered as a pharmacist with the Board of Pharmacy and would only need an active license if he were filling prescriptions. The State also introduced an article from the *Post and Courier* newspaper that described Bennett's credentials, his methods, and the reliability of his findings as suspect or controversial. The article discussed a case in which a mother temporarily lost custody of her children because the results of a test Bennett conducted showed the presence of alcohol in her blood, but a physician later determined the mother's anemia impacted the results. Bennett testified he was aware of the article and that the newspaper had a motive to sell newspapers. Robinson was convicted and sentenced to seventeen years' imprisonment.

"In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

To demonstrate deficiency, "the [applicant] must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To demonstrate prejudice, "[t]he [applicant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Our standard of review in PCR cases depends on the specific issue before us. We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). "[W]e [also] afford great deference to a PCR court's credibility findings." *Frierson v. State*, 423 S.C. 257, 262, 815 S.E.2d 433, 435 (2018). However, "[w]e review questions of law de novo, with no deference to [the PCR] court[]." *Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839.

"A criminal defense attorney has a duty to perform a reasonable investigation." *Lounds v. State*, 380 S.C. 454, 460, 670 S.E.2d 646, 649 (2008). "[S]trategic choices made by counsel after an incomplete investigation are reasonable 'only to the extent that reasonable professional judgment supports the limitations on the investigation.'" *McKnight v. State*, 378 S.C. 33, 45, 661 S.E.2d 354, 360 (2008) (quoting *Van Dohlen v. State*, 360 S.C. 598, 607, 602 S.E.2d 738, 743 (2004)).

We agree with the PCR court that Robinson did not carry her burden of showing trial counsel's representation fell below an objective standard of reasonableness. Trial counsel testified he selected Bennett based on Bennett's reputation in the family courts, specifically in performing toxicology tests and testifying as an expert witness. While trial counsel received a warning from his former co-counsel about using Bennett as an expert witness, trial counsel asked for co-counsel's reasoning and co-counsel was unable to articulate any reason. Even with a vague warning, it is unclear how trial counsel could have uncovered the cease and desist order or the news article that was published eight years before the trial. Further, with regard to Robinson's argument that Bennett's impairment testimony reflected trial counsel's deficient performance, Robinson fails to offer how additional or different preparation or investigation would have resulted in different testimony. *Strickland*, 466 U.S. at 687–88 (holding that to demonstrate deficiency, "the [applicant] must show that counsel's representation fell below an objective standard of reasonableness"). Trial counsel testified he met with Bennett before the trial and the testimony he expected him to give was consistent with the strategy of the case. According to trial counsel, at no point during preparation did Bennett indicate he intended to use the percentage impairment scale that Petitioner contends was detrimental to her defense that she was not impaired at all. Trial counsel could not predict Bennett would deviate from what was discussed prior to trial. *See State v. Sweet*, 342 S.C. 342, 348, 536 S.E.2d 91, 94 (Ct. App. 2000) ("A criminal defendant is entitled to a fair trial, not a perfect one.").

We also agree that Robinson did not carry her burden of showing a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  It is unlikely credible expert testimony would have changed the outcome of the trial because (1) the lay witnesses and an accident reconstruction expert testified Robinson was going more than twice the recommended speed limit; (2) the highway patrolman and the nurse who drew Robinson's blood testified there was a non-alcohol prep pad used in Robinson's blood draw, and therefore that did not affect Robinson's BAC; (3) the blood draw revealed a BAC of .09%; and (4) Robinson admitted to consuming three drinks the evening of the collision.  *Strickland*, 466 U.S. at 694 ("The [applicant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

Based on the foregoing, Robinson failed to show trial counsel provided ineffective assistance.  Therefore, we affirm the dismissal of Robinson's PCR application.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.