**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4019**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL LLOYD STEVENS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Thomas E. Johnston, District Judge.  (2:09-cr-00222-11)

Submitted:  November 21, 2011      Decided:  November 29, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.   R. Booth Goodwin, II, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lloyd Stevens appeals his conviction following a jury trial on one count of conspiracy to retaliate against a person cooperating with law enforcement, in violation of 18 U.S.C.A. § 1513(b)(2), (f) (West Supp. 2011). He argues on appeal that the district court erred in allowing the Government to introduce as evidence in its case-in-chief a stipulation of facts establishing that he and his confederates believed the intended victim of their planned retaliation was cooperating with federal law enforcement officials. We affirm.

Following his indictment, Stevens entered into a plea agreement with the Government, in which he agreed to plead guilty to the conspiracy charge. Attached to the plea agreement was a stipulation of facts indicating that Stevens had conspired with others to retaliate against an intended victim for his cooperation with federal authorities concerning a federal offense by assaulting him.

The plea agreement also contains a provision waiving Stevens' rights under Fed. R. Evid. 410. Specifically, Stevens agreed that if he withdrew from the plea agreement or proceeded to trial on the conspiracy charge, the Government was permitted to use the stipulation of facts as evidence in its case-in-chief. Stevens ultimately proceeded to a jury trial. In turn, the Government introduced the stipulation of facts as evidence

2

against Stevens in its case-in-chief at trial. On appeal, Stevens argues that the district court erred in allowing such admission.

Rule 410 of the Federal Rules of Evidence provides that any statements made by a defendant in the course of plea discussions that do not result in a guilty plea are thereafter not admissible against him. Fed. R. Evid. 410. Because Rule 410 is an exception to the general principle that all relevant evidence is admissible at trial, its limitations are to be construed narrowly. United States v. Roberts, ___ F.3d ___, No. 10-1230-cr, 2011 WL 4489813, at *5 (2d Cir. Sept. 29, 2011). Moreover, its protections are waivable. United States v. Mezzanatto, 513 U.S. 195, 205 (1995) (holding that Rule 410, in effect, creates "a privilege of the defendant, and, like other evidentiary privileges, this one may be waived or varied at the defendant's request" (internal quotation marks and citation omitted)); accord United States v. Mitchell, 633 F.3d 997, 1001-06 (10th Cir. 2011) (upholding validity of Rule 410 waiver and allowing defendant's plea statements into evidence as part of the Government's case-in-chief); United States v. Sylvester, 583 F.3d 285, 289-91 (5th Cir. 2009) (same and citing decisions from the Eighth and District of Columbia Circuits supporting the proposition that statements made during plea negotiations can be

waived for use as affirmative evidence of the defendant's guilt).

Whether a valid waiver of rights occurred is a question of law reviewed de novo. United States v. Young, 223 F.3d 905, 909 (8th Cir. 2000) (addressing a waiver under Rule 410); accord United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997) (stating that waiver of the right to counsel is a question of law reviewed de novo). We review the district court's evidentiary ruling admitting statements into evidence for abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009). A district court does not abuse its discretion unless its decision to admit evidence is arbitrary or irrational. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

Absent fraud, coercion, or some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of Rule 410 is valid and enforceable. Mezzanatto, 513 U.S. at 210. On appeal, Stevens does not suggest the presence of any fraud or coercion and makes no claim that he entered into the plea agreement involuntarily. Rather, he suggests that his agreement to waive Rule 410 was not made knowingly because he did not know at the time he entered into the plea agreement that the Government would be required to prove that the law

4

enforcement officials with whom the victim cooperated were federal officials.

We reject this argument because Stevens utterly fails to explain how any such lack of knowledge affected his ability to enter into the plea agreement in a knowing fashion. We further reject as without merit Stevens' assertion that information about the federal character of the victim's cooperation was unknown to him at the time he entered into the plea agreement.

Because the waiver was valid and enforceable, the district court properly allowed to Government to introduce the stipulation of facts as evidence in its case-in-chief. Mitchell, 633 F.3d at 1001-06; Sylvester, 583 F.3d at 289-91. We reject Stevens' assertion that the stipulation served "no fact finding purpose," as it was relevant to and probative of Stevens' criminal culpability on the conspiracy charge. As such, its admission into evidence enhanced the reliability of the fact-finding process. See Sylvester, 583 F.3d at 294 ("If anything, to ignore relevant evidence of culpability simply because that evidence was discovered during the course of plea negotiations would arguably undermine the truth-seeking function of our criminal justice system.").

Stevens also asserts that the stipulation "improperly prejudiced the jury" against him. Insofar as Stevens is making

an argument under Fed. R. Evid. 403, it, too, is without merit. "Rule 403 only requires suppression of evidence that results in <u>unfair</u> prejudice — prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." <u>United States v. Mohr</u>, 318 F.3d 613, 619-20 (4th Cir. 2003) (emphasis added) (internal quotation marks, emphasis, and alteration omitted). Stevens, however, fails to point to anything in the record to support the conclusion that the admission of the stipulation of facts was unfairly prejudicial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>