**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Orlando Brown, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-001677

---

**ON WRIT OF CERTIORARI**

---

Appeal From Richland County
Kristi F. Curtis, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2024-UP-223
Submitted June 1, 2024 – Filed June 26, 2024

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:**  Michael Orlando Brown appeals the post-conviction relief (PCR) court's dismissal of his PCR application, wherein he alleged ineffective assistance of counsel because trial counsel failed to preserve for appellate review the issue of whether the trial court erred in admitting into evidence his statement to law enforcement that he was willing to plead guilty to a lesser offense.  We affirm the PCR court's order.

Brown was sentenced to life without parole (LWOP) in August 2014 pursuant to section 17-25-45 of the South Carolina Code (2014 & Supp. 2023)[1] for an attempted robbery of a Chuck E. Cheese restaurant in Richland County.  No customers were in the restaurant at the time of the robbery, but four employees were.  The employees' testimony established that an armed man wearing a brown wig, a red bandana, and dark-shaded glasses entered the restaurant, grabbed one of the employees and placed a gun at his back, and corralled him towards the restaurant's kitchen while demanding money.  Video footage from the restaurant's surveillance system shows that the man aborted the robbery and ran out of the store, fleeing behind another restaurant nearby.  Behind that restaurant, police later recovered a red bandana and a brown wig.  DNA testing of the bandana determined that Brown was a major contributor to the mixture of DNA.

Police arrested Brown and he was interviewed by Investigator Robert Martin of the Richland County Sheriff's Department.  After being given a *Miranda*[2] warning, Brown told Investigator Martin two things of note that were the subject of counsel's pre-trial suppression efforts: (1) that he was willing to plead guilty to a lesser offense, and (2) that he was wary of providing police with a DNA sample because he knew that the "DNA will convict me."  After a *Jackson v. Denno*[3] hearing, the trial court held that both the offer to plead guilty and the comment about DNA evidence were admissible.  At trial, when Investigator Martin testified to Brown's statements, trial counsel did not object.

When Brown appealed his conviction, this court affirmed.  *State v. Brown*, 2016-UP-349 (S.C. Ct. App. filed July 6, 2016).  Specifically, this court held that Brown's arguments concerning the admissibility of Brown's statements were not preserved because trial counsel offered no contemporaneous objection when

---

[1] Section 17-25-45, sometimes referred to as the state's "Two-Strikes" law, requires that defendants previously convicted of a certain number of prior offenses—depending on the severity of the offenses—be sentenced to LWOP.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] 378 U.S. 368 (1964).

Investigator Martin testified to them. We granted certiorari to review the PCR court's holding that Brown was not prejudiced by counsel's failure to object because Brown's offer to plead guilty was admissible.

## STANDARD OF REVIEW

"Our standard of review in PCR cases depends on the specific issue before us. We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). "However, [we] will reverse the [PCR] court's decision if it is controlled by an error of law." *Milledge v. State*, 422 S.C. 366, 374, 811 S.E.2d 796, 800 (2018). "We review questions of law de novo, with no deference to trial courts." *Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839.

## LAW AND ANALYSIS

To establish an ineffective assistance of counsel claim, PCR applicants must show "(1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). Deficiency "is measured by an objective standard of reasonableness." *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). To establish prejudice, a PCR applicant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

Here, the PCR court concluded that counsel's performance was deficient because she failed to preserve for review the question of the admissibility of Brown's statement. The PCR court also concluded, however, that Brown was not prejudiced by counsel's error because the trial court's pre-trial ruling that Rule 410(4), SCRE,[4] did not require the exclusion of Brown's statement was correct. Brown now argues that he was prejudiced by counsel's error because the statement should have been

---

[4] Rule 410(4), SCRE, requires the exclusion of "any statement made in the course of plea discussions with an attorney for the prosecuting authority [that] do[es] not result in a plea of guilty or [that] result[s] in a plea of guilty later withdrawn."

excluded pursuant to Rule 403, SCRE.[5] Thus, the court's mandate in this case is to determine whether, but for trial counsel's error, the result of Brown's direct appeal would have been different. When reviewing the trial court judge's decision to allow the statements into evidence on direct appeal, this court was required to analyze the issue in light of the fact that in South Carolina, "[t]he admission or exclusion of evidence is left to the sound discretion of the trial judge." *State v. McLeod*, 362 S.C. 73, 79, 606 S.E.2d 215, 218 (Ct. App. 2004). Additionally, "[a] trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." *State v. Stephens*, 398 S.C. 314, 319, 728 S.E.2d 68, 71 (Ct. App. 2012) (internal quotation marks omitted) (quoting *State v. Hamilton*, 344 S.C. 344, 357, 543 S.E.2d 586, 593 (Ct. App. 2001), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 107, 610 S.E.2d 494, 502 (2005)).

We affirm the PCR court's ruling because, analyzing the offer to plead guilty under Rules 403 and 410(4), the offer's probative value was not substantially outweighed by the danger of unfair prejudice arising therefrom and the statement was not made in the course of plea discussions with an attorney for the prosecuting authority. Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); Rule 410(4), SCRE (barring from admission "any statement made in the course of plea discussions *with an attorney for the prosecuting authority* [that] do[es] not result in a plea of guilty or [that] result[s] in a plea of guilty later withdrawn." (emphasis added)).

Beginning with Rule 403, for its probative value, Brown's unilateral offer to plead guilty is highly probative as evidence of consciousness of guilt. *State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of consciousness of guilt."). His offer to plead was made in conjunction with his statement that he would not contest the DNA evidence because he knew the DNA evidence would result in his conviction. This statement is one that indicates consciousness of guilt.

---

[5] Rule 403, SCRE, states "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Turning to the risk of unfair prejudice, we note that "[a]ll evidence is meant to be prejudicial; it is only *unfair* prejudice [that] must be avoided." *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989)). "Unfair prejudice means an undue tendency to suggest a decision on an improper basis." *Stephens*, 398 S.C. at 320, 728 S.E.2d at 71 (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008)).

Brown's statement does not carry an undue tendency to suggest a decision on an improper basis. *Cf. United States v. Stevens*, 455 Fed. Appx. 343, 346 (4th Cir. 2011) ("Insofar as [the defendant asserts that a stipulation of facts that was entered into evidence after a withdrawn plea agreement violated the federal equivalent of Rule 403, SCRE], it, too, is without merit. . . . [The defendant] . . . fails to point to anything in the record to support the conclusion that the admission of the stipulation of facts was *unfairly* prejudicial." (per curiam) (emphasis added) (citation omitted)). In any event, the extent to which the statement carries such a tendency does not substantially outweigh the statement's probative value, as would be required to warrant suppression under Rule 403.

As to Rule 410(4), we agree with the PCR court's conclusion that a plain reading of the rule precludes its application to the instant case. Rule 410(4) bars from admission "any statement made in the course of plea discussions *with an attorney for the prosecuting authority* [that] do[es] not result in a plea of guilty or [that] result[s] in a plea of guilty later withdrawn." (emphasis added). The PCR court noted that (1) Brown's conversation with Investigator Martin did not constitute plea negotiations and (2) there was no attorney for the prosecuting authority present in the conversation. Investigator Martin was not an attorney for the prosecuting authority, nor did he have the power to negotiate a plea bargain with Brown—facts of which Investigator Martin made Brown aware. *See State v. Compton*, 366 S.C. 671, 679, 623 S.E.2d 661, 665 (Ct. App. 2005) (holding the "unequivocal language of Rule 410 precludes its application . . . [when] [t]he discussions between [the defendant], the solicitor, and the investigators were not in furtherance of [the defendant] making a plea on any charges"); *United States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987) ("Plea negotiations, in order to be inadmissible, must be made in negotiations with a government attorney or with that attorney's express authority."); *id.* (concluding the federal rule parallel to Rule 410, SCRE, did not apply to a defendant's statements to a customs officer about a non-prosecution agreement because, inter alia, "[t]he officer explicitly told [the defendant] that he had no authority to make such a deal"); *see generally Rachlin v. United States*, 723

F.2d 1373, 1375–76 (8th Cir. 1983) (discussing the federal rule parallel to Rule 410(4), SCRE, and the officials to whom excludable plea offers can be made).

Altogether, for the foregoing reasons, Brown has not carried his burden of establishing a reasonable probability that, but for trial counsel's failure to preserve the argument for appeal, the outcome of his direct appeal would have been different. Consequently, the PCR court's denial of Brown's PCR application is

**AFFIRMED.**[6]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.